WILLIAM P. HIGHT, Respondent, *v.* CATHARINE T. SACKETT, and others, Appellants.

Under section 399 of the amended Code of 1859, enacting that "an assignor shall not be admitted to be examined in behalf of any person deriving title through or for him, against an assignee or an executor or administrator, unless the other party to such contract or thing in action, whom the plaintiff or defendant represents, is living, and his testimony can be procured," &c.: *Held*, that an assignor was not excluded from testifying against a "legatee," when suit was brought to recover from such legatee the amount of a judgment against the testator. A legatee is not within the meaning of the words, "an assignee or executor or administrator."

HUNT, J.  The defendants are sued as legatees of Thomas R. Raymond, to collect the amount of five several judgments against said Raymond, recovered in favor of one Lockwood, who assigned them to Mrs. Eliza Raymond. Mrs. Raymond afterwards assigned these judgments to the plaintiff, Hight, and, as such assignee, he brings the present suit to recover the amount thereof.

On the trial, which was in the month of March, 1860, it was claimed by the defendants that the judgments had been paid to Mrs. Raymond, through the sale of a certain farm, and evidence was given tending to establish such payment. Mrs. Raymond was herself called as a witness on this point, and testified that the judgments were not paid, and the jury so found. The evidence of Mrs. Raymond was objected to by the defendants as incompetent, under the Code of 1859; and whether such objection was well taken, is the question now presented for decision.

Upon the adoption of the Code in 1849, and by sections 398 and 399 thereof, the legislature enacted: "§ 398. No person offered as a witness shall be excluded by reason of his interest in the event of the action." "§ 399. The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action, assigned for the purpose of making him a witness." The disqualifi

cation of interest in the event was here abolished, except as to the three exceptions named, to wit, a party to the action, a person for whose immediate benefit the action is prosecuted or defended, and an assignor of a thing in action assigned for the purpose of making him a witness.

In 1851 the legislature amended section 399 (Laws of 1851, p. 393), by omitting the exception last above mentioned in relation to the assignor of the thing in action, and by adding, "when an assignor of a thing in action or contract is examined as a witness, on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter in his own behalf, and shall be so received. But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him against an assignee or executor or administrator, unless the other party to such contract or thing in action whom the defendant or plaintiff represents is living, and his testimony can be procured, nor unless ten days' notice is given," &c. This provision left the assignor competent as a witness in all cases when his opponent was not executor or administrator, or an assignee whose assignor was dead.

In 1857 (Laws of 1857, p. 744, ch. 353), the legislature abolished the remaining exceptions of the act of 1849, and provided as follows: "A party to an action or proceeding may be examined as a witness in his own behalf the same as any other witness, but such examination shall not be had, nor shall any other person, for whose immediate benefit the same is prosecuted or defended, be so examined, unless the adverse party or person in interest is living, nor when the opposite party shall be the assignee, administrator, executor or legal representative of a deceased person, nor unless notice is given as prescribed."

In the statute of 1851, the exclusion applied where the opposite party was an assignee or executor only. The words are extended, by the statute of 1857, so as to embrace "assignee, executor, administrator or legal representative" of a deceased person.

In 1859 the section was again amended so as to read as

folllows: "§ 399. A party to an action or proceeding may be examined as a witness in his own behalf the same as any other witness, but such examination shall not be had, nor shall any other person for whose immediate benefit the same is prosecuted or defended be so examined, unless the adverse party or person in interest is living, nor when the opposite party shall be the assignee, administrator, executor or legal representative of a deceased person. * * * When an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself, &c. * * * But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, against an assignee or an executor or administrator, unless the other party to such contract or thing in action, whom the plaintiff or defendant represents, is living, and his testimony can be procured," &c.

In April, 1860 (Laws of 1860, p. 787), the legislature amended this section by increasing the cases in which parties could be examined, by adding surrogates' courts, &c., and amending the former exception by striking out the existing provision, and adding, "except that a party shall not be examined against parties who are representatives of a deceased person, in respect to any transactions had personally between the deceased and the witness."

In 1862 (Sess. Laws, p. 858), the legislature endeavored to regain the ground lost in 1860, and after making some other alterations, substituted in the place of the word "representatives," the words, "executors, administrators, heirs-at-law, next of kin, or assignees."

In 1865 (Laws of 1865, p. 1290, ch. 615), the legislature added "devisees" to the above exceptions to the act of 1862, supposing, it is assumed, that they had then used words to embrace all the cases that could be presented. The precise case of "legatees" was still omitted.

In the present case, the question arises under the statute of 1859, where the language was less favorable to the party objecting to the witness than under any of the other amendments.

It is to be observed that Mrs. Raymond, the witness, was not a party to the action, neither was she an assignor for whose benefit the action was prosecuted, in either of which characters she would have labored under additional disabilities as a witness. She was simply an assignor, through whom the plaintiff derived his title, but without covenant of collection, or remaining interest, and was a competent witness, unless the defendant was an "assignee" or "executor or administrator." These are the only exceptions in the act of 1859, as before quoted. The defendant has not the benefit of the general language, "legal representative," as contained in the act of 1857, if benefit there would be, from such language.

Does the defendant hold either of the characters of assignee, or executor, or administrator? It is not claimed that he is executor or administrator; but the argument is rested upon the claim that he is an assignee. The subsequent words, "whom the defendant or plaintiff represents," are a part of the description of the character of "assignee" or "executor;" meaning, "whom the defendant or plaintiff, as assignee or executor or administrator, represents."

It was decided in *Traphagen* v. *Traphagen* (40 Barb., 537), that devisees take by purchase, and not by descent, and cannot be considered as "representatives" of the devisor under this section of the statute.

In *McCray* v. *McCray* (12 Abb., 1), it was decided that the word "representatives," in this statute, means executors or administrators, and that they do not include an heir, a dowress, or a guardian in socage.

It will be observed that in each of the different statutes I have recited, beginning with that of 1851 and ending with that of 1865, with the exception of that of 1860, the word "assignee" is used. It is used in connection with heir, executor, administrator, devisee and next of kin, as indicating different classes. It cannot be safely argued that when the legislature say "heir" and "assignee," they mean simply what would be embraced in the word "assignee" alone; that when they say "devisee" and "assignee," the word devisee is superfluous; and so as to the other descriptions

of persons named. The inference, on the other hand, is strong, that when the legislature use the words "executor," "heir," "devisee" and "assignee," they use each of these words in its appropriate as well as its ordinary sense; intending to describe one named in the will as executor and by law invested with the ownership of the personal estate, or one upon whom the law casts the ownership of the real estate, or one to whom the testator by will gives his real estate, or one who by transfer or assignment between living parties has received the property or subject-matter in question. An assignment can in no just sense be said to be made by a dead man, nor can it properly be said that one who receives a legacy takes as assignee. The instrument is without life until the death of the giver, and nothing is received by the beneficiary until the giver has ceased to possess the power to bestow. The two parties do not coexist for an instant. The idea of an assignment is essentially that of a transfer, by one existing party to another existing party, of some species of property or valuable interest. (1 Tomlin. Law Dic., "Assigns.")

An executor may be deemed as assignee, in law, to the testator (Dyer, 5); that is, he takes without any appointment of the person, but by operation of law. The testator names the individual as executor, but it is the law that makes him the assignee of the property. A legatee or a devisee occupies no such position. The testator provides that after his death, when he shall have ceased to be a party to any contract, the legatee shall have the property described. What he receives is not by operation of law as in the case of an executor, but by direct gift from the testator. Neither in law, nor in the ordinary use of language, can he be considered as an assignee. The same is true under the language of these statutes, of executor, administrator, heir or devisee.

The judgment of the General Term should be affirmed.

Judgment affirmed.