NORMAN ANDREWS AND OTHERS, EXECUTORS OF JAMES M. WATERBURY, DECEASED, RESPONDENTS, v. THE NATIONAL BANK OF NORTH AMERICA OF NEW YORK, APPELLANT.

*Code, § 399 — assignee.*

Y., defendant's president, purchased certain shares of Gregory mining stock through B., one of defendant's clerks, to whom a loan for its price was made by the defendant, and the stock taken as collateral. Subsequently B. loaned to Y. 410 shares of Mariposa stock, to enable him to meet the examination of the affairs of the bank, by the board of directors. Y. delivered both the Gregory and Mariposa shares to the bank, as collateral to the loan to B., and the same were subsequently retained by the defendant. In this action, brought to recover the Mariposa shares on the ground that they belonged to plaintiff's testator, and had been placed by him in B.'s hands, B. was allowed to testify against the defendant. *Held*, that this was error, under section 399 of the Code; that B. was interested in the action, as a judgment against the defendant would relieve him from liability for converting the plaintiff's testator's stock, and that the defendant was an assignee of Y.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee, in an action for the conversion by defendant of 400 shares of Mariposa Company stock, the property of James M. Waterbury.

*Elihu Root*, for the appellant.

*S. P. Nash* and *James Maurice*, for the respondents.

Barnard, P. J.

On the 23d of January, 1867, John C. Yelverton died. He was, at the time of his death, president of defendant's banking corporation, and had so been president for over a year previous to his death. A Mr. Bockee had been for many years a clerk in the bank, but had entered into business on his own account about the 1st of December, 1866, and had left the employment of the bank. In the latter part of July, 1866, Bockee, apparently, made a loan of the bank of $10,400, payable on call. There was held, as collateral to the loan, 550 shares of consolidated Gregory mining stock. This stock was, in fact, purchased by Bockee for Yelverton, and was paid for by the proceeds of this call loan, in Bockee's name, the credit being given Bockee by the president to pay for the president's stock. About the middle of December, 1866, Bockee loaned the stock in question, 400 shares of Mariposa stock, to Yelverton, to enable him to tide over the semi-annual examination of the bank. Yelverton, on the examination, exhibited and delivered to the committee the Gregory and Mariposa stock as being held by the bank as collateral security for the Bockee loan. The bank so held the stock, both Gregory and Mariposa, until after Yelverton's death. It is now claimed that the Mariposa stock belonged to plaintiffs' testator. Bockee is admitted as a witness for plaintiffs to testify as to the transaction with Yelverton, under defendant's objection and exception. The Code, which swept away all the rules of evidence which prevented witnesses from testifying by reason of their interest in the event of the action, introduced a new rule by section 399. By this section no person, interested in the event of an action, can be a witness in regard to any personal transaction or communication between such witness and a person dead, against the assignee of such dead person. Bockee was interested in the event. He had

converted, on his own testimony, the stock in question. A judgment against the defendant directly relieves him from liability for such conversion. .

The defendant was Yelverton's assignee. The certificates of the stock in question had an assignment in blank upon them, and the stock was thus transferable by delivery. The name of the plaintiff's testator did not appear in the certificates. The stock was loaned by Bockee to Yelverton individually, to be used for his own benefit. If the bank had any right to the stock it came from Yelverton. " The idea of an assignment is essentially that of a transfer by one existing party to another existing party of some species of property or valuable interest." (*Hight* v. *Sackett*, 34 N. Y., 447.) The word assignee is held to include a grantee. (*Mattoon* v. *Young*, 45 N. Y., 696.) The spirit of the section is broken by permitting Bockee to be heard as to the transaction, when the other party to it, Yelverton, cannot contradict him. An apparent loan to Bockee by defendant, with collateral security given for it, is destroyed, and a deceased person is made the principal debtor. One of the items of the collateral is given as delusive security after the loan had stood some months, and then the security was loaned by Bockee to Yelverton, when it belonged to another party and so known to be owned, by Yelverton when he borrowed it for the purpose named. I think Bockee was improperly admitted as a witness, and that the judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J. (dissenting):

The bank cannot be considered the assignee of Yelverton. He never had or claimed to have any interest in the stock.

He never undertook to pass any title thereto to defendants.

Section 399 of Code, therefore, does not apply.

The other points are sufficiently considered in the opinion of the referee.

Judgment affirmed.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Judgment reversed and new trial ordered, costs to abide event.