HORACE THEALL *against* OTTO STEITZ.

(Decided June 1st, 1876.)

In an action by an assignee of a devisee of a deceased person, his adversary can testify as to personal transactions and communications between himself and the deceased person.    Such testimony is not prohibited by § 399 of the Code.

APPEAL by defendant from a judgment of the Marine Court of the city of New York, entered on an order of the general term of that court, affirming a judgment of that court entered on the verdict of a jury.

One of the grounds of error argued on the appeal, was that the court, on the trial, had erroneously excluded the evidence of the defendant as to certain conversations had between him and Mrs. Jane F. Halstead (then deceased), who was the person under whom the plaintiff claimed by assignment from her devisee.

The nature of the action, and the facts to show the nature of the alleged error, are stated in the opinion.

*Henry Wehle,* for appellant.

*Dennis McMahon,* for respondent.

VAN BRUNT, J.—In March, 1872, the defendant hired certain premises of a Mrs. Halstead, in Hoboken, N. J., and in May, 1872, went into possession thereof. In August, 1872, Mrs. Halstead died, leaving a last will and testament, by which she devised the said premises to one Frank C. Nash, and to his heirs and assigns forever. The defendant paid the rent of said premises which accrued prior to the 1st of November, 1872, but, having removed therefrom, refused to pay any further rent, claiming that the original letting was from month to month. The said Frank C. Nash, claiming that the said renting was for one year, from May 1st, 1872, to May 1st, 1873, assigned his claim for the rent for the balance of the year to the plaintiff, who

brought this action to recover the same. From the foregoing statement of the case, it will be seen that the sole question at issue between the parties was, as to the terms of the letting; that is, whether it was a letting from month to month, or for the term of a year. The plaintiff, upon his behalf, called and examined as a witness the said Frank C. Nash, the devisee of Mrs. Halstead, who was examined as to certain negotiations which he had personally with the defendant in respect to the letting. Thereafter the defendant was called as a witness upon his own behalf, and it was proposed to prove by him an agreement for the hiring of the premises in question, which he had made with Mrs. Halstead, then deceased. This evidence was objected to, and the court held that the conversations had between the defendant and the deceased Mrs. Halstead were not admissible, unless Mr. Nash was present or had been examined in respect to the same, the court evidently supposing that the provisions of section 399 of the Code of Procedure applied. A brief examination of the provisions of that section will show that they have no application to the present case, although the present case may possibly be embraced within the reasons which led to the adoption of that section.

The language of the section is as follows: "No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor *of such deceased person*, or the assignee or committee of such insane person or lunatic."

It will be observed that when the defendant was offered as a witness as to the transactions and communications between himself and Mrs. Halstead then deceased, it was not proposed to examine him as a witness against either the executor, heir at law, next of kin, assignee, legatee, devisee, or survivor of Mrs. Halstead (*Hight* v. *Sackett*, 34 N. Y. 451); but it was proposed

to examine him as a witness against the assignee of the devisee of Mrs. Halstead. The prohibition of the section of the Code referred to does not reach such a case, and consequently the learned judge before whom the cause was tried erred in excluding the evidence of the defendant which was offered. For this reason the judgment of the court below must be reversed, and a new trial ordered, with costs to abide the event.

ROBINSON, J., concurred.

Judgment reversed.