Naundorf v. Schumann.

OSCAR NAUNDORF, administrator &c.,

v. ·

GEORGE SCHUMANN et al.

A testator gave all his property for the sole use and benefit of his wife, and in the event of her death " then what shall remain * * * the whole to be disposed of as shall to my executors seem best ;" the proceeds to be divided equally among certain specified persons.—*Held*, (1) that the widow had merely the use and benefit of testator's estate during her lifetime ; (2) that the power to sell the lands, being coupled with a trust or confidence in the executors, did not devolve upon an administrator with the will annexed ; (3) that the interest of the legatees in remainder vested at testator's death, and did not lapse upon the death of one of them after the testator and before the widow.

Bill for construction of will and directions as to distribution of estate.

*Mr. F. W. Stevens,* for complainant.

THE CHANCELLOR.

Adam Rienaker, late of Newark, deceased, died January 12th, 1871. By his will, dated July 26th, 1854, he provided as follows :

"*First.* My will and desire is that all my property, both real and personal, shall be for the sole use and benefit of my wife Julianna, after my decease ; and in the event of her death, then, what shall remain, to be disposed of in the manner following, viz., the whole to be disposed of as shall to my executor or executors seem best, and the profits or proceeds thereof to be equally divided between Maria Schumann, Margaretta Schumann, John Schumann, Eurich Schumann, Caspar Schumann, Bastian Rienaker and Falden Rienaker, brothers and sisters of myself, and my wife Julianna; and lastly, I do hereby appoint Francis Kornayer and Lawrence Henninger to be my executors, to carry out my wishes and desires as herein expressed."

The will was proved by Henninger alone, January 24th, 1871. He was, on his own application, discharged as executor February 24th, 1885. On the 28th of that month Kornayer renounced

the executorship, and, on that day, the complainant was appointed administrator *de bonis non cum testamento annexo.* The widow died October 18th, 1884.

The first question propounded is, What is the estate of the widow under the bill? The gift to her is not of the property, but only of the use and benefit of it. The testator says it is his will and desire that all his property, real and personal, be for her use and benefit, and in the event of (by which is meant upon) her death, the whole is to be converted into cash and the proceeds divided equally among the persons whom he names. The case differs, essentially, from those of which *Annin* v. *Vandoren, 1 McCart. 135,* is an example, in which the estate is given absolutely in the first instance, with absolute right of disposal, and then there is a gift over, at the death of the legatee, of so much as may then remain unexpended; for here the gift is only for the life of the primary legatee, with remainder absolute to the others. The will gives to the widow no power, express or implied, to dispose of the property, or any part of it, in any way. At her death, the whole of it is to be converted into cash and divided among the other legatees. The testator indeed uses the qualifying words, "what shall remain," but he probably used them in view of the fact that some of the personal property was of a consumable character.

The next question is whether the administrator *cum testamento annexo* has power to sell the land. If the power were merely to sell the property and divide the proceeds, it could lawfully be exercised by the administrator with the will annexed. *Rev. p. 398 § 11; Howell* v. *Sebring, 1 McCart. 84.* But, although the direction to convert is absolute, it is coupled with a trust or confidence in the executors who are to sell as "may seem best" to them; that is, they are to exercise a discretion in making the sale. This is a personal trust and confidence which does not devolve upon the administrator with the will annexed. The administrator cannot execute the power. *Chambers* v. *Tulane, 1 Stock. 146; Brush* v. *Young, 4 Dutch. 237; Lanning* v. *Sisters of St. Francis Hospital, 8 Stew. Eq. 392, 400.*

Another question presented is, whether the death of a legatee

in remainder, after the death of the testator and before the death of the widow, will cause a lapse of the legacy. The legacy for life and the legacies in remainder took effect and became vested at the same time—the death of the testator; and they vested absolutely. The death of a legatee in remainder, after the testator's death and before the death of the widow, would cause no lapse.