# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

### MAY TERM, 1898.

———————

ALEXANDER T. McGILL, ORDINARY.

———————

MARY N. MAXWELL, appellant,

*v.*

MARY M. McCREERY et al., respondents.

[Filed October 31st, 1898.]

The fact that an executor is entitled to the estate of the testator for his life does not excuse failure to ascertain what the estate amounts to through an accounting that will fix the charges against him and allowances to him, and thus settle between all parties in interest just what *corpus* the life tenant is to be responsible for.

———————

On appeal from an order of the Hudson county orphans court.

287

Samuel Maxwell died in 1871, leaving a will by which he gave, devised and bequeathed all the residue of his property, after the payment of his debts and funeral expenses, to his wife, Mary N. Maxwell, "for her use during her life only," provided she should remain his widow; after her death, the property to go to his daughter, Anna, and his sons, Samuel and Henry, in the proportions of two-thirds to the daughter and one-sixth to each of the sons, provided that if one of the children named should die without issue his or her share should be equally divided between the "surviving legatees or devisees." Mrs. Maxwell was made the sole executrix of the will.

In the same year, shortly after the probate of the will and the grant of letters testamentary thereon, Mrs. Maxwell filed an inventory as executrix, which exhibits that the personal estate of the testator consisted of—

| | | |
|---|---:|---:|
| Household furniture | $489 | 00 |
| A bond and mortgage worth | 3,800 | 00 |
| Money in savings banks | 2,333 | 46 |
| Fifteen six per cent. U. S. bonds and interest due July 1st, 1887 | 14,550 | 00 |
| | $21,172 | 46 |

On the 7th of December, 1897, at the instance of Allan S. Maxwell and Mary Maxwell McCreery, the orphans court, by its order, directed that Mrs. Maxwell show cause before it, at a time appointed by the order, why she should not render an account, as executrix of the will of her husband, and also directed how the order should be served. In response to this order, Mrs. Maxwell appeared by her counsel, and by her affidavit admitted the probate of the will, the grant of letters thereon and the inventory as above stated, and set forth that the real estate of the testator consisted of the house and lot 207 Mercer street, worth about $10,000; that the executrix took possession of the estate and administered it; that in March, 1883, she advanced, as executrix, to Samuel Maxwell, one of the legatees and devisees in remainder, $500, with the understanding that it should be deducted from his share of the estate or the

share of his children therein, to wit, Allan Maxwell and Mary Maxwell McCreery, at whose instance the rule to show cause was issued, and their sister, Emeline McK. Maxwell, and that Samuel Maxwell, the testator's son, died in January, 1897, leaving a wife, Emeline, and the three children named. In the affidavit she insisted that, under the will of her husband, she is not accountable to any person for the use of her husband's estate, but is responsible only to the remaindermen in a proceeding in the court of chancery for "waste or devastation." By its order of the 8th of January, 1898, the orphans court directed Mrs. Maxwell to account.

The transcript shows that she did file that which, on its face, is entitled as an account of her expenditures. It is sworn to by her on the 28th of January, 1898, to be true, both as to charge and discharge, according to the best of her memory and belief. Subsequently, by an order dated on the 25th of March, 1898, which recites that Mrs. Maxwell has not accounted, it was ordered that she should file an account with the surrogate on or before April 25th, 1898. It is from this latter order that the present appeal is taken.

*Mr. Abraham S. Jackson,* for the appellant.

*Mr. J. W. Rufus Besson,* for the respondents.

THE ORDINARY.

I think that Samuel Maxwell, Jr., took a vested interest in remainder in his father's estate, subject to be divested if he should die without issue. He died leaving issue, and therefore his interest in the realty descended to his heirs-at-law, and his interest in the personalty went to his personal representatives. The executrix was not, by the will, given any control of the realty. That went to the widow of the testator for her life and thereafter will go to his children, as stated in the will.

The children of Samuel Maxwell, Jr., do not appear to be his personal representatives or to have any right to exact an account from the executrix. However that may be, it was the

19

duty of the executrix, without compulsion, to account within one year after the grant of letters testamentary to her, or at the first regular term of the orphans court after the expiration of that year, unless the orphans court should expressly grant her further time. *Orphans Court Act § 96.* Not so accounting, she could have been cited to account by anyone interested in the estate at the ensuing term of the court. *Orphans Court Act § 98.* After two years' delay in her accounting without the consent of the court, it became the duty of the surrogate to cite her to account. *Orphans Court Act § 99.* In addition to these provisions of the statute, the orphans court was empowered, at its will, to issue process to compel the executrix to account (*Orphans Court § 2*) or to proceed to the same end by a rule to show cause. *Orphans Court Act § 157.* The latter course was adopted. The statute does not limit a time within which the court must exercise its jurisdiction in this respect.

In the present case the executrix does not offer any sufficient reason why she should not account. Until she does account the balance of the estate for distribution is unascertained and she is not entitled to any allowance for either disbursements or commissions. The remaindermen have the right, while they live and the executrix lives, to know whether there are to be allowances. The fact that the executrix is to have the estate for her life does not excuse failure to ascertain what the estate amounts to through an accounting that will fix the charges against her and allowances to her, and thus settle between all parties in interest just what *corpus* the life tenant is to be responsible for.

Mrs. Maxwell tendered obedience to the court's order of the 8th of January, 1898, by filing that which she styled an account, but it was an instrument expressly limited to a showing of only the money paid, laid out and expended by her in and about the administration of her husband's estate. Such an instrument is not an executor's account. An executor's account, where there is an estate and allowances are expected, must show both debits and expected credits. An exhibit of the expected credits only is merely part of such an account. In the situation presented by the filing of the paper mentioned, two courses were opened

Voorhees' Case.

to the court—*first*, to accept the paper as an imperfect account and direct that exceptions to it be filed, or *second*, to order the executrix to complete the document which, on its face, is plainly deficient. The court chose the latter course in making the order appealed from, and, I think, rightly.

The order appealed from will be affirmed, with costs.