Miller *v.* Worrall.

HENRY N. MILLER et al., executors, &c.,

*v.*

AMELIA K. WORRALL et al.

[Filed December 9th, 1899.]

1. Where a testator gave his entire estate to his children, subject to a life estate in his wife, and provided that if "a sale, assignment or pledge" be made by any of his children of their interest, it should work a forfeiture of such child's interest, a will of one of testator's children, which took effect after his death and before the death of the life tenant, disposing of such child's interest is not such an assignment as will work a forfeiture.

2. The will of testator construed to vest in his children his entire estate at his death, and the executors of a child who died after the testator but before the widow (who had the income of the estate for her life), are entitled to the share of such deceased child on the widow's death.

On pleadings and proofs.

*Mr. James E. Howell,* for the executors.

*Mr. John R. Hardin,* for Elizabeth M. Peshine and others.

*Mr. Frederick F. Guild,* for Amelia K. Worrall.

STEVENS, V. C.

By his will, John Jelliff gave all his property, real and personal, to his executors in trust (*inter alia*) to pay to his wife during her life, for the support of herself and his maiden daughters, such amounts, not exceeding the net income of his estate, as she might request. By a codicil he directed his executors, upon the death of his wife, to settle and close up his estate with all convenient speed,

"and divide the entire amount thereof equally between my children, share and share alike, to whom I do hereby give, devise and bequeath the same, their heirs and assigns forever, the children of any deceased child to have the share of his, her or their parent."

One of the children, Caroline A. Riggs, died without leaving issue, in the lifetime of testator's widow, who is now also dead, and the question is whether her executors are entitled to her share.    The contention of these executors is that such share vested at the death of testator, and that nothing has since occurred to divest it.    The contention of the surviving children is that the gift was contingent upon her surviving the widow.

The rule applicable is thus formulated by Jarman :

"The children, if any, living at the death of the testator take an immediately-vested interest in their shares, subject to the diminution of those shares (*i. e.*, to their being divested *pro tanto* as the number of objects is augmented by future births), during the life of the tenant for life, and consequently on the death of any of the children during the life of the tenant for life, their shares (if their interest therein is transmissible) devolve to their respective representatives."    *2 Jarm. Wills* *76.

That such a gift vests at the death of testator, has been settled in this state by the cases of *Howell's Executors* v. *Green, 2 Vr. 570*, and *Post* v. *Herbert's Executors, 12 C. E. Gr. 542*.  The case at bar is rather stronger than either of those cases, for in the first the provision was " *after her* [*i. e.*, the life tenant's] *decease*, I give and bequeath," and in the second, the gift was found only in the direction to divide, while here, the gift is both express and immediate, " I do hereby give, devise and bequeath," the direction to divide being superadded.

It is said, however, that the codicil must be construed in the light of all the provisions of the will, and that so construed it appears to have been testator's intention that those children only should take who might survive the period of distribution.    I can find no such intention.    The argument from the clause imposing a restraint on alienation is inconclusive and cuts both ways, and the direction to divide lapsed legacies may be appropriately referred to the case of a child who dies without leaving issue, in the lifetime of testator.    The only other clause bearing on the subject is the fourth, and this supports, rather than militates against, the contention of Mrs. Riggs' executors, for it authorizes a payment to the children, of the principal of their prospective shares, not exceeding five per cent. in any one year, in the lifetime of the widow, if she consents.

It was argued that testator did not intend to divide his children into two classes, viz., those who might have issue and those who might not. I am unable to see the force of this argument. By the express provisions of the will, if a child dies before the period of distribution and leaves children, those children take, by substitution, for the parent. In this event, and in this event only, is the right of the child curtailed. In every other event it remains. If it is not taken from those who die without leaving issue, it is because the testator has so willed. His will, as we find it expressed in testamentary form, is that the gift shall be vested, except in so far as it is expressly divested. *Beatty's Administrators* v. *Montgomery's Executrix, 6 C. E. Gr. 324; Harrison* v. *Foreman, 5 Ves. 207; Salisbury* v. *Petty, 3 Ha. 86.*

By the sixth clause of his will, testator provides that if " a sale, assignment or pledge" be made by any of his children of their interest, it shall work a forfeiture thereof. It is plain that the making of a will by Mrs. Riggs, which took effect only after death, is not an " assignment" of her share within the meaning of this clause. The testator is here using technical words which, in a provision of this sort, must receive their technical meaning. " The idea of an assignment is essentially that of transfer by one *existing* party to another *existing* party." *Hight* v. *Sackett, 34 N. Y. 447* .