JOHN M. FREUND et al., appellants,

*v.*

ANNA M. FREUND, respondent.

[Decided November 17th, 1919.]

Where a testator directs in his will that all his property shall go to his children in equal shares, and in case one of his children dies without issue, his or her share shall be equally divided among his other children, and five children survived him, one of whom died without issue after the death of the life tenant, having devised all his estate to his wife, the wife takes her husband's share, as his one-fifth interest was vested in him, and passed by his will.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson.

*Mr. Clarence Kelsey,* for the complainant-appellant.

*Mr. James F. Fielder,* for the defendant-respondent.

The opinion of the court was delivered by

SWAYZE, J.

Herman C. Freund by his will gave his wife the income for life of his estate and then directed

"that after her demise all the property shall go to my children in equal shares, and in case one of my children dies without issue his or her share shall be divided equally among the other children."

Five children survived him. One of these, Herman G. Freund, died without issue, after the death of the life tenant, having devised all his estate to his wife, Anna, the present respondent. The question is whether she took anything by this devise or whether Herman G.'s interest terminated by his death without issue. We agree with the learned vice-chancellor that one-fifth of Herman C.'s estate was vested in his son Herman G., and passed by the latter's will to the respondent. This result was vindicated by the vice-chancellor in a characteristically thorough and able opinion.

We think it necessary to say only that the case is governed by the principle illustrated in *Post* v. *Herbert's Executors, 27 N. J. Eq. 540,* and *Miller* v. *Worrall, 59 N. J. Eq. 134.* The opinion in the latter case was not by this court and the decree was reversed, but we took care to say that in this respect we agreed with the vice-chancellor.

The decree in the present case must be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.