The bill of complaint is filed by complainant individually and as administratrix of the personal estate of George R. Sampson, deceased.
John W. Sampson died in the year 1912, leaving him surviving his widow, Lucy A. Sampson, a son, John W. Sampson, both of whom are living, and a grandson, George R. Sampson, who died February 9th, 1923, intestate, without children, and leaving the complainant, his widow, surviving him. So much of the will of John W. Sampson as is pertinent to this suit, reads as follows:
"Second. I do hereby give to my executors hereinafter named all my estate both real, personal and mixed of every kind and nature wheresoever the same may be situate, or in whose hands found, in trust however for the following purposes that is to say, that after the payment of expenses of the administration of my estate, the payment of taxes insurance and repairs to the buildings as the same may arise to give to my wife Lucy A. Sampson the use of all my household goods and furniture and of my residence and to pay over to her the rents issues and profits, interest and income from the residue of my estate, for and during the term of her natural life, and after her decease, to divide the same, including my entire estate between my son John W. Sampson, Jr., and my grandson George R. Sampson, equally share and share alike, and I give and bequeath the same accordingly to have and to hold the same their heirs and assigns forever.
"Third. I do hereby give to my said executors full power and authority to sell and dispose of any or all of my real estate or personal property on such terms and at such prices as to them may seem best and to execute good and sufficient conveyances for the same, and the proceeds thereof to invest in good and safe bond and mortgage and to pay the interest and income thereof, after payment of expenses as aforesaid, to my said wife during her natural life, and at her decease to divide the same between my said son and grandson in manner aforesaid.
 * * * * * * *
"Lastly. I hereby make, constitute and appoint my said wife Lucy A. Sampson and my friend Alfred M. Goodale, Executors of this my last will and testatment." *Page 200 
Lucy A. Sampson was the only executor who qualified under the will and she is still acting as executrix. John W. Sampson died seized of a number of tracts of land, several of which were sold by the executrix prior to the death of George R. Sampson, under the power of sale contained in the will. The executrix filed an inventory of the personal estate of her testator in 1912, but she has filed no account and she refuses to comply with the complainant's request that she account. The complainant prays that Lucy A. Sampson, as executrix (sole defendant to this suit), be required to account for the personal estate of her testator and for the proceeds which she received, or should have received, from the sales of real estate made by her as executrix.
The defendant admits her liability to account for the personal estate of her testator and expresses her willingness to do so, but she denies the right of complainant to require her to account for the proceeds of sales made by her of the real estate of which John W. Sampson died seized, for the reason that complainant, as widow and administratrix of George R. Sampson, is entitled to no interest in such proceeds, because the estate devised to George R. Sampson was not vested in him at the time of his death, and because the sales of real estate made by the defendant executrix did not work a conversion of the real estate into personal property, but that the proceeds of such sales maintain their character as real estate until the death of Lucy A. Sampson, when such proceeds will descend as real estate to the heirs-at-law of George R. Sampson, free from any dower of complainant therein.
The determination of the questions raised, calls for a construction of the will of John W. Sampson. The heirs-at-law of George R. Sampson and John W. Sampson, Jr., are concerned in the construction of the will, but they are not before the court. It is a proper policy of this court to avoid the construction of a will when other parties than those before the court have an interest in the questions presented for solution. Therefore, while it is necessary for the determination of the issues here raised, to consider the meaning and intent *Page 201 
of the will, the decree which I shall advise will not be a construction of any part of the will, but will be a direction whether or not the defendant should account to complainant.
1. Under the terms of the will, George R. Sampson, on the death of the testator, took a vested estate in remainder in all the personal and real estate of which the testator died seized, subject to the power of sale in the executors. Post v.Herbert, 27 N.J. Eq. 542; Naundorf v. Schumann, 41 N.J. Eq. 14;Perrine v. Newell, 49 N.J. Eq. 57; Huber v. Donoghue,49 N.J. Eq. 125; Miller v. Worrall, 59 N.J. Eq. 134; affirmed,62 N.J. Eq. 776; Potter v. Nixon, 81 N.J. Eq. 338; Trenton TrustCo. v. Moore, 83 N.J. Eq. 584; affirmed, 84 N.J. Eq. 194;Freund v. Freund, 91 N.J. Eq. 80; Redmond v. Gummere, 94 N.J. Eq. 216.
2. Whenever a testator has given positive direction to his executors to sell his real estate and distribute the proceeds as money, or the provisions of the will require the executors to exercise their power of sale, the real estate will be considered as having been converted into money as of the date of the testator's death. If the executors are given merely an authority to sell in their discretion, the real estate retains its character as land until it is actually sold, but when sold, the proceeds thereupon become personalty and pass as such. Wurts v.Page, 19 N.J. Eq. 365; Cook v. Cook, 20 N.J. Eq. 375; TrentonTrust Co. v. Moore, supra; Keen v. Plume, 82 N.J. Eq. 526;Aitken v. Sharp, 93 N.J. Eq. 336.
The will in question contains no positive direction to the executors to sell, and I do not consider that the provisions of the will for the benefit of the widow, or for the ultimate division of the remainder, absolutely require a sale of the real estate. When the remaindermen become entitled to possession of their vested remainders, they may elect to take the property in common, or the estate may then be susceptible of actual division between them. At any rate, until the time for the division arrives, it cannot be said that the terms of the will require the executors to exercise their power of sale. It is my opinion that the testator authorized his executors to *Page 202 
transmute his real estate into personal property whenever they might deem it for the benefit of his estate so to do, and that the testator contemplated that when such authority was exercised, but not until then, his land would change its character and become personal property. It is therefore my conclusion that the testator's real estate, which was sold prior to the death of George R. Sampson, has been converted into personal property, and the vested remainder therein of George R. Sampson will pass to his personal representative on the death of Lucy A. Sampson. The unsold real estate retains its character as such, and the vested remainder therein of George R. Sampson will descend to his heirs-at-law.
3. The complainant, as widow of George R. Sampson, has no dower in the unsold real estate of which John W. Sampson died seized, because her husband never had seizin, either actual or legal, of such real estate (Woodhull v. Reid, 16 N.J. Law 128, 131;Weaver v. Patterson, 92 N.J. Eq. 170; Heldhauser v. Schulz,93 N.J. Eq. 449, and cases cited in 21 A.L.R. 1073), and therefore she cannot require the defendant to account as to such real estate.
4. It is the duty of this court to protect the interest of the remaindermen during the life of Lucy A. Sampson. She is the sole executrix of this estate, and when she dies it may be found that the records of the estate have not been well kept, or that she has mingled estate money with her own. The remaindermen are entitled to have an account settled in the lifetime of the executrix and to know of what the estate consists, what disbursements and commissions the executrix claims, what proper charges should be made against her, and with what balance ofcorpus she is chargeable. Tappan v. Ricamio, 16 N.J. Eq. 89;Maxwell v. McCreery, 57 N.J. Eq. 287. The complainant, as administratrix of the personal estate of George R. Sampson, has an interest in the personal estate which will pass under the will of John W. Sampson, and she is entitled to have the defendant, as executrix of the estate of John W. Sampson, file an account in this court, which will show the personal property of her testator which *Page 203 
came to her hands, the proceeds of sales made by her as executrix prior to the death of George R. Sampson, the disbursements and allowances claimed by her from principal, and the balance ofcorpus remaining in her hands and with such account there should be a statement of assets as required by orphans court rule 21.