This is a bill for the construction of the will of Raphael Isidoro Pedrajas.
The facts as stipulated by counsel are as follows:
1. Raphael Isidoro Pedrajas was married to the complainant, Mamie E. Pedrajas, and they were husband and wife, living together as such at the time of the death of Raphael Isidoro Pedrajas, July 25th, 1905, and were residents of the town of Bloomfield, county of Essex and State of New Jersey.
2. That one child was born of the said marriage between Raphael Isidoro Pedrajas and the complainant, Mamie E. Pedrajas, namely, Rafael Louis Pedrajas.
3. That said son, Rafael Louis Pedrajas, died intestate on the 18th day of June, 1926, at the age of thirty-four years.
4. That Raphael Isidore Pedrajas died at and as a resident of the town of Bloomfield, county of Essex and State of New Jersey, July 25th, 1905, testate, and his will was duly probated in the surrogate's office of Essex county, October 26th, 1905, and a copy of said will annexed to the said bill of complaint in this cause is a true copy of the last will and testament of Raphael Isidoro Pedrajas.
5. That the records of the Essex county surrogate's office show —
(a) That Louis A. Sussdorf and Ernesto de Zaldo were named as executors and trustees under the will of Raphael Isidoro Pedrajas, and they qualified as such.
(b) That the said Louis A. Sussdorf and Ernesto de Zaldo were discharged as such executors and trustees by order of the Essex county orphans court, dated October 9th, 1908, and by said order Allison Dodd was appointed executor and trustee of the will of Raphael Isidoro Pedrajas, in the place and stead of Sussdorf and de Zaldo.
(c) That by order of the Essex county orphans court, dated November 25th, 1925, the said Allison Dodd was discharged as said executor and trustee of said will, and by said last-named order the Bloomfield Trust Company was substituted executor and trustee of the will of Raphael Isidoro Pedrajas, and the said Bloomfield Trust Company has been acting as such executor and trustee from the date of its appointment *Page 107 
aforesaid up to the present time, and is still acting as such.
6. That the testator's (Raphael Isidoro Pedrajas) widow, the complainant of this cause, and their only child (being the only child of said testator, Raphael Isidoro Pedrajas), both survided the said testator; the testator, Raphael Isidoro Pedrajas, left no other children, nor no children of any deceased child.
7. That Rafael Louis Pedrajas, son of Raphael Isidoro Pedrajas, was never married and never had any children, and his mother, the complainant in this cause, is his only next of kin and heir-at-law.
8. That the complainant, Mamie E. Pedrajas, widow of Raphael Isidoro Pedrajas, and mother of Rafael Louis Pedrajas, is alive at the present time and has never been remarried.
9. That the real estate of which the said Raphael Isidoro Pedrajas died seized was sold by the executor and trustee under the provisions of the will of Raphael Isidoro Pedrajas shortly after the death of Raphael Isidoro Pedrajas.
10. That Lilla Palomino, sister of Raphael Isidoro Pedrajas, deceased, is alive and is one of the defendants in this cause, and that she was the only sister of the deceased; and she has an adult daughter living.
The clauses of the will that are in dispute are —
"Second — I give, devise and bequeath unto my executors hereinafter named, all my property, real and personal, and wheresoever situated, in trust for the following uses: To collect the income and profits thereof and to pay the same to my wife, Mamie E. Pedrajas, for and during the term of her natural life."
"Third — Upon the death of my said wife, Mamie E. Pedrajas, I direct my said executors and trustees to pay over, transfer and deliver my estate then in their hands to my son Rafael Louis Pedrajas, provided, however, he shall have reached the age of twenty-five years. * * * In the event of the death of my said son before reaching the age of twenty-five years, leaving no issue him surviving, then I direct my said executors and trustees to pay over, transfer and deliver all my said estate to my sister, Lilla Palomino, wife of Raphael de Gustav Palomino, or in the event of her prior death leaving issue, to such issue perstirpes."
The first section of the will directs the executors to sell the real estate "as soon as may be practicable after my death." *Page 108 
This, as was admitted on the argument, converted the estate into personalty. See Fidelity Union Trust Co. v. Green, 98 N.J. Eq. 538
(at p. 542), where it is stated: "In Dutton v. Pugh,45 N.J. Eq. 426, the court held: `The direction to the executors to sell the residue of the estate is positive. They are allowed full discretion as to the manner of sale and are not limited as to the time of making it. Under the circumstances the land must be considered as converted into money from the death of the testator. However, it is only a conversion for the purposes of the will. Moore v. Robbins, 53 N.J. Eq. 137.'"
Defendant Lilla Palomino contends that the trust should be continued until the death of the life tenant for her benefit or that of her issue. I cannot see that she now has any interest in the estate. The will left the property to the son provided he reached the age of twenty-five years, subject only to the life estate of the mother.
"Where the time of payment is postponed only for the purpose of letting in a life interest, the remainder interests vest immediately on the death of the testator." Redmond v. Gummere,94 N.J. Eq. 216 (at p. 217), and cases cited; Sampson v.Sampson, 124 Atl. Rep. 708. Rafael, therefore, took a vested interest at his father's death, subject to its being divested should he die before reaching the age of twenty-five years. He lived to be thirty-four.
It is admitted in the stipulation that the mother of Rafael is his only next of kin. Complainant prays that the court decree that the estates bequeathed to mother and son have merged and that she is now the absolute owner in fee. I believe the estates have merged.
In 21 Corp. Jur. 1036, it is stated:
"Whenever a particular estate for life and the next vested estate in remainder or reversion expectant thereon meet in the same person, the former estate is merged provided [as in this case] the estate in remainder or reversion is as large as the preceding estate." Numerous authorities are cited.
In Bowen v. Driggers, 138 Ga. 398, the court held where a testator devised a tract of land to his wife for life and at *Page 109 
his death there was no other heir, the two estates merged into a fee-simple.
In Holcomb v. Lake, 24 N.J. Law 686 (at p. 693), the supreme court held: "Now, it is well settled as a general rule that [quoting from 2 Bl. Com. 177] whenever a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or, in the law phrase, is said to be merged — that is, sunk or drowned in the greater." This was affirmed in 25 N.J. Law 605.
See, also, Wills v. Cooper, 25 N.J. Law 137 (at p. 149), and L'Hommedieu v. L'Hommedieu, 98 N.J. Eq. 554.
As Vice-Chancellor Leaming said in the case of Brooks v.Davis, 82 N.J. Eq. 118: "The entire estate having at this time become vested in complainant there can be no doubt of the jurisdiction of this court to grant the relief sought." (Terminating the trust.)
I will advise a decree according to the prayer of the bill.