This suit is brought for the termination of one-half of a trust created by a will, which will provides as follows:
"Third: All of the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath unto my executors and trustees hereinafter named, or the survivor of them, in trust nevertheless as follows:
"I direct my executors and trustees to sell the real estate of which I may die seized as soon as the same can be disposed of advantageously in their discretion, and to invest the proceeds in bonds which are lawful for trust investment. The income from my estate shall be collected by my said trustees and divided equally between my brothers, Morris D. Kahn and Samuel Kahn, during their lifetime. In the event of the death of either of my said brothers, the income from my estate shall be divided equally between the survivor and my niece, Renee M. Kahn, during the lifetime of my surviving brother. Upon the death of both of my brothers, it is my desire that my entire estate shall pass to my niece, Renee M. Kahn, to her and her heirs forever." *Page 159 
Samuel Kahn, one of the life tenants, died before the testator. Complainant is the Renee M. Kahn named in the will. In this suit she prays that one-half of the estate be turned over to her since there is a merger of the life estate of which she is a beneficiary with the remainder with which she became vested in the death of the testator.
That she became vested with the remainder is well established.Pedrick v. Guarantee Trust Co., 123 N.J. Eq. 395. Here the court said:
"It would seem that there is no doubt that the time of vesting of a remainder of an estate, even though there may be existing life estates, is as of the time of decedent's death, and that the distribution to the beneficiaries was only postponed for the purpose of letting in the intermediate estate."
It is also well established that where the life estate and the remainder are vested in the same person, there is a merger and the trust is terminated.
In Simpkins v. Simpkins, 131 N.J. Eq. 227, the court says:
"Where there is a testamentary gift of a life estate and a gift of the remainder after the termination of the life estate, the gift in remainder will be deemed vested immediately in the absence of some controlling equity or some evidence in the will from which a different intent is implied.
"The policy of the law requires that legacies in all cases should be deemed to be vested rather than contingent unless such a construction is clearly discordant with the intent of the testator.
"This rule of construction is always observed where it is apparent from the terms of the will that a future gift is postponed merely to let in some other interest, such as a life estate. The future gift is vested, although the enjoyment is postponed."
To the same effect is Carter v. Martin, 122 N.J. Eq. 262;Camden Safe Deposit and Trust Co. v. Guerin, 89 N.J. Eq. 556.
The only exception to the rule seems to be where the trustee performs some function outside of the mere reduction of the estate to possession and the payment of income to the *Page 160 
life tenant. Such an exception would be the one where the trust has a discretion as to paying out or withholding part of the income.
Such is not the case here. The only discretion given as to time of sale of the real estate, but even this discretion is limited by the direction that the real estate be sold as soon as practicable and advantageous.
In Pedrajas v. Bloomfield Trust Co., 101 N.J. Eq. 105,
there was such a direction as that here, but, nevertheless, the court found that there was a merger and extinguishment of the trust.
The court says (at p. 107):
"The first section of the will directs the executors to sell the real estate `as soon as may be practicable after my death.' This, as was admitted on the argument, converted the estate into personalty. See Fidelity Union Trust Co. v. Green, 98 N.J. Eq. 538
(at p. 542), where it is stated: In Dutton v. Pugh,45 N.J. Eq. 426, the court held: The direction to the executors to sell the residue of the estate is positive. They are allowed full discretion as to the manner of sale and are not limited as to the time of making it. Under the circumstances the land must be considered as converted into money from the death of the testator. However, it is only a conversion for the purposes of the will. Moore v. Robbins, 53 N.J. Eq. 137."
The mere fact that the extinguishment of the trust is only as to the one-half of the estate is no impediment. It has been repeatedly held that the merger and the extinguishment takes effect pro tanto as to the aliquot part. In Hopping v.Gray, 82 N.J. Eq. 502, the court said:
"Chancellor Kent evidently considered that estate of different quantities might merge pro tanto (4 Kent Com. 99): that is to say, the equitable life estate of Frederick, to the extent of one-third thereof, will merge in the remainder to the extent of one-ninth thereof. This view operates to give to Frederick seizin of a fee-simple title in one-ninth of the lands in question on which the judgment and execution of McMurtry were a lien, and by the sheriff's sale and the sheriff's deed such title and interest were transferred to the judgment creditor." *Page 161 
To the same effect are Carter v. Martin and Camden SafeDeposit Co. v. Guerin, supra.
A decree will be advised declaring the merger of the life estate with the remainder as to one-half of the residuary estate, and terminating the trust as to this one-half.