Wright *v.* Wright.

---

JOHN H. WRIGHT et al.

*v.*

THOMAS WRIGHT et al.

A husband, by his will, provided as follows: " I give and bequeath all my property, both real and personal, * * * to my wife, Elizabeth, to use or dispose of in any manner that she may think proper during her lifetime, and at her death may by will dispose of the same between my children and grandchildren as she may think proper."—*Held*, that her interest in the property so given was a life estate, with a discretionary power of testamentary disposition among testator's children and grandchildren, but without power to entirely exclude any of them.

---

Bill for construction of will &c.

Wright *v.* Wright.

Mr. E. M. *Colie*, for complainants.

The Chancellor.

The question presented for decision is whether the complainants, who are executors of the will of Elizabeth Richards, deceased, can lawfully execute the power to sell land given to them by the will. The land was owned by William Richards, the husband of the testatrix. He predeceased her and died seized of it. By his will he disposed of his estate as follows:

"I give and bequeath all my property, both real and personal, that I die possessed of, both in the state of New Jersey and the city of New York (after my funeral expenses and debts shall be paid), to my wife, Elizabeth Richards, to use or dispose of in any manner that she may think proper during her lifetime, and at her death may by will dispose of the same between my children and grandchildren as she may think proper."

By her will she ordered her executors to sell all her estate, both real and personal, within one year from the date of her decease; she charged her estate with the payment of her debts,

---

Note.—Where the power is merely to appoint among several, each must have a share, *Gibson* v. *Kniven, 1 Vern. 66; Alexander* v. *Alexander, 2 Ves. Sr. 640; Vanderzee* v. *Aclom, 4 Ves. 772; Kemp* v. *Kemp, 5 Ves. 849; Butcher* v. *Butcher, 9 Ves. 382, 1 V. & B. 79; Marsden's Trust, 4 Drew. 594; Melvin* v. *Melvin, 6 Md. 541, 550; Michau* v. *Crawford, 3 Hal. 90, (109); Russell* v. *Kennedy. 66 Pa. St. 248; Little* v. *Bennett, 5 Jones Eq. 156; Stuyvesant* v. *Neil, 67 How. Pr. 16;* see *Pocklington* v. *Bayne, 1 Bro. C. C. 450; Harley* v. *Mitford, 21 Beav. 280; Booth* v. *Alington, 39 Eng. L. & Eq. 250; Brook* v. *Brook, 3 Sm. & Giff. 280; Howorth* v. *Dewell, 29 Beav. 18; Hawley* v. *James, 5 Paige 322; Haynesworth* v. *Cox, Harp. Eq. 117; Fronty* v. *Fronty, Bail. Eq. 517; Wickersham* v. *Savage, 58 Pa. St. 365; Loring* v. *Blake, 98 Mass. 253; Cruse* v. *McKee, 2 Head 1; Gilbert* v. *Chapin, 19 Conn. 342.*

But if the trustee has a discretion, then he may exclude any of the specified beneficiaries.

As a gift to one or more of the children then living, in such manner as testator's executrix should think fit, *Thomas* v. *Thomas, 2 Vern. 513.*

"To such of my children as she [testator's wife] shall think fit," *Leafe* v. *Saltingstone, 1 Mod. 189, 2 Lev. 104.*

"Amongst all or such of his children as by their conduct should deserve it," *Macey* v. *Shurmer, 1 Atk. 389.*

"To be at her disposal, provided it be to any of his children," *Tomlinson* v. *Dighton, 1 P. Wms. 149.*

and a sum sufficient for the erection of a suitable tombstone over her grave, and directed that out·of the remainder of the property a legacy of $100 be paid to her daughter-in-law, the widow of Thomas Richards. She then directed that the residue of the property be divided into six equal shares, and gave one of them to each of her three daughters " or to their respective " descendants ; another to her granddaughter Frances, daughter of William Richards, " or her descendants ; " a half share to each of her grandchildren, Abby Ann and Ira L., children of Thomas Richards, or " to the descendants of each " of them, and a half share to each of her grandchildren, Frances and Peter, children of Mary Garrison, " or to the descendants of each " of them. The testatrix had no real estate upon which the will could operate. Her estate in the real property devised to her by her husband's will was a life estate only. The property was given to her to use or dispose of in any manner she might think proper during her lifetime, with provision that she might dispose of it between [among] the testator's children and grandchildren as she might think proper. The gift is not of an unlimited interest with a

" For the use of her younger children as she should appoint," *Coleman v. Seymour,* 1 Ves. Sr. 209.

" To be by her disposed of to and amongst his three daughters, in such proportion and payable in such manner as she shall think fit to give it in her life," *Maddison* v. *Andrew,* 1 Ves. Sr. 57.

" To and for the use of such child and children of the said J. G. * * * as the said J. G. should at any time * * * limit, direct or appoint," *Swift* v. *Gregson,* 1 T. R. 432.

The residue to E. for her life, " and after her decease the same unto his children, to be parted among them as she should think proper," *Morgan* v. *Surman,* 1 Taunt. 289.

" In such shares and proportions as she should by her will direct, limit or appoint," *Mocatta* v. *Lousada,* 12 Ves. 123.

" To any one of my own family she may think proper," *Grant* v. *Lynam,* 4 Russ. 292 ; *Harding* v. *Glyn,* 1 Atk. 469.

" To such of his mother's poor relations as W., his heirs, executors and administrators for the time being should think objects of charity," *Brunsden* v. *Woolredge,* Amb. 507 ; *Atty.-Gen.* v. *Price,* 17 Ves. 371. See *Bennett* v. *Honywood,* Amb. 708.

" Unto and amongst such of her relations, at such times and in such manner and proportions as he in his discretion should judge most proper," *Supple* v. *Lowson,* Amb. 729.

Wright *v.* Wright.

superadded power to dispose of the property by deed or will, but it is for life merely, with a power of appointment by will. In *Bradley* v. *Westcott, 13 Ves. 445,* where there was a bequest of personal estate to the sole use of the testator's wife for life, to be at her full, free, and absolute disposal during her life, without liability to account, and after her decease certain specified articles and £500 were to go according to her appointment by will, and in default of appointment, they were to fall into the residue, which was disposed of, it was held that the widow took an interest for life only, with a limited power of appointment. It was also held that the power given to her to dispose of the property was merely such power of disposition as a tenant for life might exercise. So, also, in *Scott* v. *Josselyn, 26 Beav. 174,* where the bequest was of the residue in trust to permit the testator's wife to receive the annual produce of the property for life, and also to apply to her own use such parts of the capital as she should think proper, and after her death to stand possessed thereof in trust for such persons as she should by will appoint, and in de-

---

"Unto and amongst all such child or children of S., in such parts, shares and proportions, manner and form, as J., should  *  *  * appoint," *Wollen* v. *Tanner, 5 Ves. 218.*

"To divide among A.'s children, in such proportions as A. should appoint by will," *Abbott* v. *McGibbon, Low. Can.* (*Q. B. Div.*) (*1884*), *18 Cent. L. J. 498.*

" To and amongst my other children or their issue, in such parts, shares and proportions, manner and form as my said daughter shall by deed or will appoint," *Veale's Trusts, L. R.* (*4 Ch. Div.*) *61, 36 L. T.* (*N. S.*) *634,* (*5 Ch. Div.*) *622.*

"For such child or children" of the marriage, and if more than one, in such shares as the survivor should appoint, *Chamberlain* v. *Napier, L. R.* (*15 Ch. Div.*) *614.*

To testator's wife, that she might "give her children such fortunes as she should think proper, or they deserve," *Buller* v. *Buller, Amb. 660.*

"To the heirs of his body, in such manner and shares as he may see fit to divide it among them, which he shall have full power to do as he pleases," *Graeff* v. *De Turk, 44 Pa. St. 527.*

" With full power to devise and bequeath the same, or any part thereof, to my relations of the H. family, as she shall in her discretion select," *Huling* v. *Fenner, 9 R. I. 410.*

Among the children of testator's two brothers, "in such manner and propor-

Wright v. Wright.

fault of appointment, in trust to pay certain legacies—it was held that the widow took a life estate only, with power of disposition of the capital during her life and of appointment by will. And in *Pennock* v. *Pennock, L. R. (13 Eq.) 144,* where the gift was to the testatrix's husband in trust to stand possessed thereof and to enjoy the rents, profits and income for his own absolute use and benefit for life, with power to take and apply the whole or any part of the capital (the will gave him full power of sale) to and for his own benefit, and from and after his decease the property was to go over—it was held that the husband took a life estate only, with power of appointment, and that on his death without having exercised the power, the gift over took effect. In the case under consideration the gift was of the property to use and dispose of it as the donee might think proper during her life, and at her death she was to dispose of it among the testator's children and grandchildren as she might think proper. The devise is expressly for life. Where the devise is expressly for life, with power of disposition annexed, an estate

tion as he shall think proper," *Cowles* v. *Brown, 4 Call 477 ; Hudson* v. *Hudson, 6 Munf. 352.*

"To pay and distribute the principal among such of M.'s children as the said M. by her last will should appoint," *Ingraham* v. *Meade, 3 Wall. Jr. 32.*

"At their death to have the privilege to will to my daughter S.'s children or my son T.'s children, just as they see proper," *Kerr* v. *Verner, 66 Pa. St. 326.*

For the benefit of the testatrix's brothers and sisters, as the trustee might from time to time judge the testatrix would have done if she could have foreseen the circumstances, *Portsmouth* v. *Shackford, 46 N. H. 423.*

The cases of *Garthwaite* v. *Robinson, 2 Sim. 43,* which held that under this trust, viz., "to dispose of the same, in such manner as she thinks fit, amongst all or one or more of her children, if she should have any, and if she hath none, then amongst my present or future grandchildren, or their respective issue, as she likes best," the tenant for life could not, wanting issue of her own, exclude the children of a deceased grandchild, who were living at testator's death ; and *Stolworthy* v. *Sancroft, 10 Jur. (N. S.) 762,* "to dispose of his said estate in such manner and amongst such issue as A. should appoint," holding that A.'s appointment amongst some only of her issue living at her decease was void for exclusiveness, were disapproved in *Veale's Trusts, L. R. (4 Ch. Div.) 61, 36 L. T. (N. S.) 634, (5 Ch. Div.) 622.*—REP.

Wright *v.* Wright.

for life only passes. *Bradley* v. *Westcott, ubi supra ; Downey* v. *Borden, 7 Vr. 460.*

Inasmuch as the testatrix had no real estate upon which her devise of real property could operate, it is to be presumed that she intended to execute the power by the devise. But she has not made the appointment according to the requirements of the power. She was to appoint the property among the donor's children and grandchildren as she might deem proper. Under such a provision both the children and grandchildren take. *Barnaby* v. *Tassell, L. R. (11 Eq.) 363; Law* v. *Thorp, 4 Jur. (N. S.) 447 ;* *Fox's Will, 35 Beav. 163.* She has appointed a share to each of her daughters " or their descendants." At least one of them, Sarah Jordan (or Jardine), had a child living at the death of the testatrix. He is named as one of the executors, and is one of the complainants. Under the terms of her husband's will, the testatrix was not at liberty to exclude any of the children or grandchildren ; the power was not an exclusive one. While she had a discretion as to the shares to be given to them, she was bound to give each child and each grandchild a portion. *Lippincott* v. *Ridgway, 2 Stock. 164.* The word " grandchildren" is not used in a substitutionary sense, but as a word of purchase. The direction is " to dispose of the same between ' the testator's ' children and grandchildren as she may think proper." The words must, in the absence of anything in the context to lead to a different construction, be construed according to their natural import. There is nothing in the context in this case to control the meaning. The gift to the wife and the appointment of executors are all the provisions contained in the will. Nor is the case of *Lippincott* v. *Ridgway,* above cited, in anywise opposed to this view. There the power was to dispose of the trust funds by will among the donee's brothers and sisters and their children, in such proportions as the donee might think fit. The court, indeed, did not recognize the right of the children to participate, except in substitution for deceased parents, but it will be seen, by reference to the will by which the power was conferred (and which will be found in *Lippincott* v. *Stokes, 2 Hal. Ch. 122),*

that it appeared from the context that the gift to the children was merely substitutionary.

The appointment being invalid, it follows of course that the executors have no power to sell the property.