Benz *v.* Fabian.

### Augusta Benz

*v.*

### Peter Fabian et al.

A gift by will of a house and furniture to a wife "to use, occupy and dispose of  \*  \*  \*  as she may think proper," with a provision that if the wife "should continue in the use, occupation and ownership" of the house and furniture until her death, then that the same should go to testator's children in equal proportions, and if the wife "should die before the majority of the youngest surviving" children, then that the rents from the property, after payment of taxes and repairs, should be expended for the maintenance and education of such children as might still be in their minority.—*Held*, that the estate of the wife in the property given is general and indeterminate, as expressed in the words of the will; that the power of disposition is absolute and unlimited; that the effect of the devise to the wife, coupled with the unlimited power of disposal, vested in her a fee-simple estate in the property devised; that the limitations over, referred to in the will, are void because inconsistent with the devise in fee-simple to the wife.

On bill, answer and proofs.

The complainant, on the 8th day of January, 1886, received a mortgage, made to her by one Elizabeth Fabian, conditioned to secure the payment of the mortgagor's bond for $300, which mortgage was recorded January 9th, 1886.

The mortgaged premises consist of a house and lot of land in Trenton, Mercer county, New Jersey, and the mortgage purports to convey a fee-simple estate by way of mortgage, and recites title to have been derived under a devise from Nicholas Fabian by his last will, dated April 17th, 1869, proven July 20th, 1880. By this will, Nicholas Fabian, after providing for the payment of his debts, disposed of the mortgaged premises in these words:

"*Item.* I give and bequeath unto my beloved wife, Elizabeth Fabian, my house in which I now reside, situate in the city of Trenton aforesaid, together with all furniture and household goods which may be in the same and to me belonging, of every kind and description, to use, occupy or dispose of the said house and lot and furniture and household goods as she may think proper.

And if my said wife should continue in the use, occupation and ownership of the said house and lot and furniture and household goods until her death, then it is my will and I do so order that the same shall go to my children in equal proportion, to be divided at the majority of the youngest surviving; and if my said wife should die before the majority of the youngest surviving, then it is my will and I do so order that the proceeds from the rent of the same, after the expenses of taxes and necessary repairs, be expended for the maintenance and education of such of my said children as may still be in their minority.

"*Lastly.* I hereby appoint my wife, Elizabeth Fabian, executor of this my last will and guardian of my said children."

Nicholas Fabian died in 1880, leaving him surviving his widow, Elizabeth Fabian, the mortgagor, and his children and heirs, Peter Fabian, the judgment debtor hereinafter named, and others.

On September 19th, 1882, Frederic A. Potts recovered a judgment in Mercer county circuit court against Peter Fabian, which was at once docketed in the supreme court, for $832.61.

On November 9th, 1888, Potts, the plaintiff, died testate, and the defendants Sarah B. Potts, W. R. Potts and Joseph T. Moore were appointed executors of his will and have proven it.

On December 22d, 1892, Elizabeth Fabian made another mortgage to the complainant, on the same mortgaged premises, to secure the payment of $200. This mortgage was recorded on the day of its date, and purports to convey a fee-simple estate, and recites title under the will of Nicholas.

On December 30th, 1894, Elizabeth died. She left a will, dated December 3d, 1894, which was proven March 2d, 1896, whereby she directed her debts to be paid, her estate, real and personal, to be sold, and, after paying the debts &c., "to divide the rest and remainder, from the proceeds of such sale, among my children, their legal heirs, representatives or assigns in equal shares."

Elizabeth left her surviving her son, Peter Fabian, and other heirs-at-law.

The executors of the will of Frederic A. Potts are made defendants in the bill of complaint, in respect to their claim of lien under the above-named judgment upon Peter Fabian's estate in the premises mortgaged to the complainant.

Benz v. Fabian.

The complainant files her bill for the foreclosure of her two mortgages and sale of the mortgaged premises, and charges that the judgment held by the defendants, the executors of Potts, is subsequent and subject to the lien of both the complainant's mortgages and acquired with full notice thereof.

The executors of Potts, by their answer, admit the mortgages to be valid, but they claim that Peter Fabian, the defendant, in their judgment, has, either as one of the heirs-at-law of his father, Nicholas, or as one of his devisees, an interest in the mortgaged premises upon which their judgment on its entry became a lien.

They admit the priority of the lien of the mortgages upon the premises to the extent of an estate during Elizabeth's life, but they claim that Elizabeth, under Nicholas' will, took no greater interest than a life estate; that Elizabeth continued in the use, occupation and ownership of the premises &c. until her death, and that, under the limitation over in Nicholas' will, his children (of whom Peter is one) took the fee of the premises &c.; that the estate of Elizabeth terminated with her death; the mortgages she had made thereupon ceased to be liens upon the premises, and the Potts judgment is, therefore, a superior lien upon Peter Fabian's share to both the complainant's mortgages.

*Mr. Hugh H. Hamill,* for the complainant.

*Mr. John L. Connet,* for the executors of Potts, defendants.

GREY, V. C.

There are two well-defined rules which have been recognized and applied in this state in the construction of wills in cases where there is a gift of property and also a donation of a power of disposal to the beneficiary.

In one class of cases, where there is a gift without definition of the estate given and also an unlimited power to dispose of the property, the generality of the gift and the unrestricted power of disposal are construed to pass an absolute estate to the beneficiary, and any subsequent gift over is held to be void, because such a limitation over is inconsistent with the complete estate given to the first taker.

In this class supporting this rule may be found the following-named cases: *Robinson* v. *Dusgale, 2 Vern. \*181; Maskelyne* v. *Maskelyne, Amb. \*750; Hixon* v. *Oliver, 13 Ves. \*108; Dutch Church* v. *Smock, Sax. 153; Den, ex dem. Sharp,* v. *Humphrey, 1 Harr. 25; Annin* v. *Van Doren, 1 McCart. 143; Borden* v. *Downey, 6 Vr. 74,* affirmed on error; *Downey* v. *Borden, 7 Vr. 461; McClellan* v. *Larchar, 18 Stew. Eq. 17.*

The other construction is sometimes called an exception to the foregoing rule, and is applied when the estate given is, by the express terms of the will, defined to be a life estate, and, if a power of disposal be added, the beneficiary will take a life estate only, and the added power of disposal will be held to be a separate and distinct gift, which has no effect to enlarge the life estate into a fee or to prevent a limitation over.

Supporting this doctrine, but recognizing the force of the former construction when circumstances call for its application, are the following cases: *Tomlinson* v. *Dighton, 1 P. Wms. \*149; S. C., 1 Salk. \*239; Cory* v. *Cory, 10 Stew. Eq. 200; Pratt* v. *Douglas, 11 Stew. Eq. 516; Wooster* v. *Cooper, 8 Dick. Ch. Rep. 683.*

In the case of *Kent* v. *Armstrong, 2 Hal. Ch. 637,* the construction limiting the estate given to be a life estate only was carried further than in any other case in this state. The terms of the devise were that the testatrix gave the lands "to my beloved daughter E. R. A., to be by her possessed, enjoyed and occupied to her and her heirs forever, * * * but if my said daughter should die without heirs and intestate," then &c. over to others. The case was certified into the supreme court for its opinion as to the effect of this devise. That court reported its unanimous opinion that the devise gave E. R. A. an estate in fee-simple; that the words "without heirs and intestate" implied a power of disposition, and are inconsistent with and avoid the limitation over. There was a decree accordingly. On an appeal from this decree, the court of errors recognized the rule that the gift of an estate generally, with an unlimited power of disposal, would vest a fee, but held that in the case before the court the power of disposal was not absolute; that the words "and intes-

tate " so limited the power that it could only be exercised in the mode prescribed, *i. e.*, by will, and that this was such a restriction that it could not be presumed that the testatrix, by creating the power, intended to give an absolute estate. On the contrary, these " qualifications and additions were annexed to the devise to limit what would otherwise have been an absolute interest." On this ground it reversed the decree, and construed the devise to · give a life estate only to E. R. A., and that on her dying without issue and intestate, the executory devise over operated.

The case stands as the law of this state to establish the construction that where there is a devise in terms in fee, with a limitation over on the death of the devisee without issue and intestate, the power of disposition is limited to be exercised by the making of a will, and this is such a restriction of the power that the intention of the testator will be deemed to be to give a life estate only, with an added, though distinct and separate, power of disposition by will.

The declaration of Mr. Justice Randolph (at *p. 642*), that words conferring a power of disposal will be held to give a mere power, not only where an estate for life is given in express words, but also where the life estate arises by necessary implication or construction, was subsequently disapproved of in *Downey* v. *Borden, 7 Vr. 468*, by the court of errors, but the general rule of construction in this state of such devises, as established in *Kent* v. *Armstrong*, was fully accepted and declared by that court in the case of *Cantine* v. *Brown, 17 Vr. 601*.

The same rules of construction declared in the above-cited New Jersey cases are held to be equally applicable to bequests of personal estate and to devises of real estate. *Pratt* v. *Douglas, 11 Stew. Eq. 516; Wooster* v. *Cooper, 8 Dick. Ch. Rep. 683*.

Applying the law as declared in these cases to the construction of the devise to Elizabeth Fabian (the mortgagor) in the will of Nicholas Fabian, the subject-matter of the gift is found to be the house, the furniture &c. These things themselves are given, not merely the use and enjoyment of them.

Neither the words of the gift nor any other expressions in the

will indicate any intention to give Elizabeth a life estate only. No limitation of the estate given her is expressed, either as to the time of enjoyment or the character or the quantity of the estate devised. The limitations over do not in any way define the estate given to Elizabeth. I think it must be held that the estate of Elizabeth in the property given, as expressed in the words of the will, is general and indeterminate, and the terms of the power of disposition must be examined to define it.

Upon examining the power of disposition, the house, lot and furniture &c. appear to be given to Elizabeth to use and occupy, or to dispose of "as she may think proper." There is no prescription as to the time when, or during which, or the manner in which, Elizabeth shall exercise this power. She had an unrestricted power to dispose of the property as she might think proper, and no direction as to what disposition she should make of the proceeds arising from her exercise of the power. The provision for the maintenance and education of the children is contingent upon the wife's dying before the majority of the youngest surviving, and, even if valid, would affect only the income which might be received from the property, and not the proceeds from any disposition made of the property.

In *Hixon* v. *Oliver, 13 Ves. 108,* there was a gift to a wife, "to be disposed of as she thinks proper;" the power was held to be unlimited and to vest a fee. The same ruling was declared as to the words "to be at the disposal of my wife * * * to whom she shall think fit to give the same," in *Robinson* v. *Dusgale, 2 Vern. *182.* The rule thus early declared in England has been followed in this state, and a gift "to my beloved wife" of "one-third of all my estate * * * for to dispose of as she may see proper," was held, in *Downey* v. *Borden, ubi supra,* to be an indeterminate devise of the third and the power of disposition to be unlimited; so that a fee vested in the wife, though the power was not exercised and she died intestate, and the fee-simple estate of her heirs therein by descent from her, was sustained. In *McClellan* v. *Larchar, ubi supra,* there was given "full power to alienate, convert or dispose of the same in such manner as she may deem best," and it was held to be an unrestricted power and to vest a fee.

In the case in hand the testator, Nicholas Fabian, further shows his intent to give his wife unlimited power to make an absolute disposition of the property, for he predicates the first limitation over upon the condition that his wife should continue in the use, occupation *and ownership* of the said house and lot &c. until her death, thus showing that he recognized the possibility that by the exercise of the unlimited power he had previously in his will given her she might, before her death, have ceased to be the owner.

I think the true construction of Nicholas Fabian's will must be that the general devise to Elizabeth shall be considered, with the unlimited power given her to dispose of the property, to have vested in her a fee-simple estate in the mortgaged premises; that the limitations over to the children of Nicholas of the house &c. and of the rents are void, because inconsistent with the devise to Elizabeth, under the doctrine fully stated in the cases above cited; that both the complainant's mortgages are therefore valid liens upon a fee-simple estate in the mortgaged premises; that the defendant Peter Fabian took no estate under the will of Nicholas Fabian because the limitation over to Peter and Nicholas' other children was void, being inconsistent with the devise in fee to Elizabeth, and Peter took nothing as heir of Nicholas because Nicholas had by his will devised his whole estate to Elizabeth, but on the death of his mother (Elizabeth) Peter did take, by descent from her, an undivided one-third part of her fee-simple estate in the mortgaged premises, subject to the complainant's two mortgages and also subject to the exercise of the power of sale created in Elizabeth's will.

The estate of Elizabeth, the mortgagor, being shown to have been a fee-simple at the time of making the complainant's mortgages, it is of no significance whether she had, under the power to "dispose of the said house" &c. "as she may think proper," given her by Nicholas' will, authority to make a valid mortgage on the premises, considering that authority to have been merely a power and not effective to define the estate given.

It was argued that this was but a power to sell, and that a power to sell did not necessarily give a power to mortgage, and

Benz *v.* Fabian.

that in this case the will of Nicholas could not be construed to give the latter power.

If the question arose in the case, I should hesitate to hold that a power to dispose of property as the donee may think proper, with no direction as to any disposition to be made of the proceeds arising from such disposal, is limited in its exercise to the making of a sale only. The donor authorizes a disposition to be made of the land; he does not limit the mode in which the power may be exercised nor the extent of the estate which may be created under it; and if the donee does unlimitedly exercise the power so that she ceases to be the owner of the property thereby, the testator gives to no one the right to call upon her or her estate to account for the proceeds.

By the authorization to the donee to dispose of the property "*as* she may think proper," it may be forcefully claimed that the donor of the power referred the selection of the mode of disposal, whether by sale, mortgage, lease or otherwise, to the discretion of the donee, and that the making of the complainant's mortgages by the donee was thought by her to be a proper exercise of the power of disposition.

I do not consider it to be necessary to determine this point, inasmuch as the weight of authority seems to settle the primary question in favor of the complainant.

I will advise a decree in favor of the complainant in accordance with the views above expressed.