JOHANNA A. L. KELLERS, appellant,

*v.*

FREDERICK T. KELLERS et al., respondents.

[Argued March 13th, 1912.   Decided November 19th, 1912.]

The rule of construction promulgated by this court in *Kent* v. *Armstrong, 6 N. J. Eq.* (*2 Halst.*) *637*, and reiterated in *Cantine* v. *Brown, 46 N. J. Law* (*17 Vr.*) *599*, is the settled law of this state.

On appeal from a decree advised by Vice-Chancellor Garrison, whose opinion is reported in *79 N. J. Eq.* (*9 Buch.*) *412.*

*Mr. John F. Gough,* for the appellant.

*Mr. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed under the act to quiet title to lands (*Comp. Stat. p. 5399*) ; and the rights of the parties turn upon the true construction of the following paragraphs contained in the will of Frederick N. Kellers, deceased, who was the husband of the complainant and the father of the defendants:

"I give, devise and bequeath to my beloved wife Johannah A. L. Kellers my entire estate both real and personal of whatsoever the same may consist and wheresoever situate, to her, her heirs and assigns forever, if she be living at the time of my decease.  In case my said wife should die before my decease it is my will, and I direct, that my estate be divided among my children * * * each of my daughters to receive two portions, or shares, to each of my sons one share, and to them and their assigns forever."

"Should my said wife acquire my estate as aforesaid she may dispose of my estate by will as she sees fit, should she however die without making a will, then this will shall operate and my estate be divided between by children as hereinbefore provided."

The complainant's contention is that by this devise she took an absolute estate in the lands of her husband, notwithstanding the limitation over contained in it. The defendants, on the other hand, contend that by the proper construction of the will their mother was given a life estate in the property with a power to dispose of it by will, and not otherwise; and that in default of her making such disposition of it, it will pass to them under their father's will as absolute owners thereof.

The learned vice-chancellor held that the complainant was not seized in fee-simple of the property devised by testator's will, but that she had the right to enjoy the rents, issues and profits thereof during her natural life, and the further right to dispose thereof by a last will and testament, but in no other way; and that the defendants, the children of the testator, were entitled, in the event of the complainant dying without leaving a last will and testament, to have the property pass to them as tenants in common, two shares to each of the daughters, and one share to each of the sons.

We concur in the result reached by the court below. The devise, which it was called upon to construe, so far as its legal effect is concerned, differs in no material respect from that which was before this court in the early case of *Kent* v. *Armstrong, 6 N. J. Eq. (2 Halst.) 637.* It was held in that case that the primary devisee took a life estate only, with a power of testamentary disposition, and that in the event of her dying intestate the executory devise over became operative. Thirty-five years later we again had before us in the case of *Cantine* v. *Brown, 46 N. J. Law (17 Vr.) 599,* the question of the construction of a devise similar to that under scrutiny in *Kent* v. *Armstrong,* and declared that the decision in the earlier case must be regarded as the law of construction in this state on such devises. All that the court of chancery, therefore, was required to do in its consideration of this case, was to ascertain whether the devise in the present case could be fairly differentiated from that contained in the will which was the subject of litigation in *Kent* v. *Armstrong,* and, if it could not be, then to apply the rule of construction promulgated in that case.

The decree under review will be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Bergen, Voorhees, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, White, Treacy—13.

*For reversal*—None.