DORSEY W. HYDE, executor, et al., complainants-appellants,

*v.*

FRANCIS DEL. HYDE et al., defendants-respondents.

[Decided October 11th, 1917.]

On appeal from a ˙decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

This action arises over the construction to be given certain provisions of the will of Charles Hyde, of Plainfield, New Jersey, who died on June 12th, 1901, leaving surviving his widow and five children, all of whom were made executors of the will.

By the fourth paragraph of his will, testator gave the residue of his estate to his executors, in trust; and after directing the payment therefrom, by them, of a large sum of money for charitable purposes, he then directed his trustees as follows:

"11. To apportion, divide and distribute all the balance of said rest, residue and remainder among my widow, and my heirs-at-law and next of kin, in the same.manner and proportions as said widow, heirs and next of kin would be entitled to, and would take the same under the laws of descent and distribution in vogue and in force in the State of New Jersey at the time of my death, in case I had died intestate. * * * It being my will and intention that while my wife, Elizabeth Hyde, shall have the actual custody, control and disposal during her life, of the portion of my personal estate which comes to her under this fourth paragraph of my will, still that so much thereof as shall remain at her death shall be distributed and divided equally among and between my five

children. * * * And therefore I hereby order and direct that upon the death of my wife, Elizabeth Hyde, all that part then remaining of said personal property which came to her under the terms of said fourth paragraph, shall be divided and distributed, share and share alike, among my said five children."

The question to be determined is whether testator's widow, under these provisions of his will, took a life estate only in the property given her, or whether she took the same absolutely.

Under the law in force at the time of testator's death, in June, 1901, the widow, if he had died intestate, would have been entitled to her dower in any real estate of which he died seized (*Comp. Stat. p. 2043*), and also to one-third of his personal estate that was subject to distribution. *Comp. Stat. p. 3874 § 169.* These were the portions of his estate which testator by the fourth paragraph of his will directed his widow should take after the trustees had "apportioned, divided and distributed the residue of his estate among the widow and children."

From this language it would appear that testator intended Mrs. Hyde should have her dower in the realty and an absolute one-third interest in the residue of his personal property, and such would be the effect unless testator, by provisions in this or other paragraphs of his will, limited in any way this gift to his widow. Complainants contend that this limitation is imposed by the later clauses in the fourth paragraph, in which testator declares it to be his

"will and intention that while my wife, Elizabeth Hyde, shall have the actual custody, control and disposal during her life of the portion of my personal estate which comes to her under this fourth paragraph of my will, still that so much thereof as shall remain at her death shall be distributed and divided equally among and between my five children.".

And complainants also contend that a like limitation was imposed by the concluding provision of this fourth paragraph, wherein testator directs that on the death of his wife all that part then remaining of the personal property which came to her under this paragraph of his will should be divided equally among his children.

It is clear, from the language quoted, that testator intended his widow to receive those portions of his estate that she would

have received had he died intestate, and that he expressly directed that she should have the actual custody, control and disposal of the same. The word "actual," as used by testator in this connection, must be regarded as synonymous with "absolute," as no restraint is placed upon the use or disposition she may make of the whole or any part of the property given her. The fact that testator undertook to make a disposition of any part of this property which his widow at her death had left unused or undisposed of, or that *remained,* as he expressed it, cannot be given the significance complainants claim, in view of the absolute power of disposition given the widow over the share of the estate which came to her. Having found that testator gave his widow this uncontrolled power to dispose of her share or interest in his estate without any limitation or restraint, the determination of the question in controversy must be controlled by the principle stated by Chancellor Green in *Annin's Executors* v. *Vandoren's Administrator, 14 N. J. Eq. 135* (at *p. 146*), and quoted approvingly by Mr. Justice Swayze, in delivering the opinion of the court of errors and appeals in *McCloskey* v. *Thorpe, 74 N. J. Eq. 413,* that—

"The cases rest upon the principle that if the testator, either expressly or by implication, manifests an intent to vest in the first legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and the limitation over is void, as inconsistent with the rights of the first legatees."

This principle was applied in *Downey* v. *Borden, 36 N. J. Law 460,* and in other cases cited in the opinion of Mr. Justice Swayze, and it has been held that this rule of construction is applicable to bequests of personalty as well as to devises of land. *Pratt* v. *Douglas, 38 N. J. Eq. 516* (at *p. 533*).

A decree will therefore be advised that Mrs. Hyde's share of the testator's estate was given to her absolutely and not for life.

*Messrs. Colby, Whiting & Moore,* for the appellants.

*Mr. Jerome T. Congleton,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.