The questions raised in this cause involve the interpretation of the wills of George Y. Ford and Sarah C. Adair, and the rights of the several parties thereunder. *Page 593 
The will of George Y. Ford (besides directing payment of debts and appointing his wife, Sarah, and his brother, Benjamin, as executors) provides as follows:
"Second. I give and devise unto my beloved wife, Sarah C., in lieu of right of dower, the house and lot where I now live, fronting on Somerset street, and the house and lot owned by me and the barn lot, which have a front on Thompson street, all in the village of Raritan. And I give and bequeath unto my said wife all my household goods and chattels and the sum of $7,000, to be paid to her out of my estate, the above devise and bequest to be at her own disposal while she lives, and at the decease of my said wife, whatever shall remain in her hands undisposed of, it is my will and I do order the same to be divided equally between my brothers and sisters that may be living at the decease of my said wife, excepting therefrom whatever property my said wife may have brought to me or may inherit in her own right.
"Third. I order all the rest and residue of my real and personal estate to be sold as soon as can conveniently be done after my decease by my executors hereinafter named, and whatever may remain not heretofore disposed of in this my last will I give and bequeath unto my beloved wife, Sarah, and my brother, Benjamin Y. Ford, to be equally divided between them, share and share alike, my wife's portion to be subject to the provision made by me in behalf of my brothers and sisters who may be living at the decease of my said wife, if any part of the same shall remain in her hands undisposed of at the decease of my wife, my will is that the said amount shall be equally divided between them."
The first question is as to the nature and extent of the estate or interest which the wife, Sarah, took under this will; was it a fee in the realty and an absolute ownership of the personalty, or was it a life estate in both, with an added power of disposal?
That there are certain fixed and established legal rules or principles governing the interpretation and effect to be accorded to testamentary dispositions of this kind, is not denied; the dispute arises as to the application of the rules in the instant case. The rules are the same whether the gifts are of realty or personalty. Pratt v. Douglas, 38 N.J. Eq. 516; Hyde v. Hyde,88 N.J. Eq. 358.
Where there is a devise of property to A, in terms indicating clearly that a fee-simple estate is intended to be given, a fee passes; and a subsequent provision expressing a gift to B, at A's death, of the same property — either the *Page 594 
whole thereof or "whatever remains" — is invalid and passes nothing. Annin v. Van Doren, 14 N.J. Eq. 135; McClellan v.Larcher, 45 N.J. Eq. 17; Bennett v. Association, c., 79 N.J. Eq. 76;
see, also, Wilson v. Wilson, 46 N.J. Eq. 321. (To this rule there is a single exception — illogical but definitely established. Where there is a devise to A, in terms clearly indicating a fee-simple estate, followed by a subsequent clause giving to A the power of testamentary disposition, and a gift over in the event of the failure of A to exercise that power, in that case the original devise is deemed to pass a life estate only, with power of testamentary disposition, and if that power be not exercised, the gift over is deemed valid. Kent v.Armstrong, 6 N.J. Eq. 637; Cantine v. Brown, 46 N.J. Law 599;Kellers v. Kellers, 79 N.J. Eq. 412; S.C., on appeal, 80 N.J. Eq. 441.
For an explanation of this arbitrary exception, see the chancery opinion in the Kellers Case.)
Where the first devise to A is in terms indicating clearly that only a life estate is intended to be given, only a life estate passes, notwithstanding there be also given to A a power of absolute disposal of the property, even if such power be without any limit or restriction as to the time or manner of its execution, A does not take a fee, but a life estate plus the power of disposal, and a subsequent gift to B, at A's death, of such part of the property as remains undisposed of, is valid and effective. Robeson v. Shotwell, 55 N.J. Eq. 322; Pratt v.Douglas, supra; Wooster v. Cooper, 53 N.J. Eq. 682; Weaver v.Patterson, 92 N.J. Eq. 170; Duncan v. Murphy, 92 N.J. Eq. 682.
See, also, Tuerk v. Schueler, 71 N.J. Law 331.
But a devise may be in mere general terms, without words expressing either fee or life estate. In such case the devise was, by implication of law, deemed to pass a life estate only.Naundorf v. Schumann, 41 N.J. Eq. 14. By the statute of 1784 (Wills act, 4 Comp. Stat. p. 5873 § 36), this rule was modified to provide that in cases where the will contains no subsequent gift of the same property, the devise is to be deemed in fee. Hance v. West, 32 N.J. Law 233; Rodenfels *Page 595 
v. Schumann, 45 N.J. Eq. 383 (at p. 387); Downey v.Borden, 36 N.J. Law 460 (at p. 469). But even if the will does contain a subsequent gift, the original rule does not always apply.
Where there is a devise to A in general terms only, expressing neither fee nor life estate, and a subsequent devise of the same property (in whole or in part) to B at A's death, if there is also given to A an unlimited and unrestricted power of absolute disposal, the devise to A is construed to pass a fee, and the gift over is invalid. Downey v. Borden, supra; Tuerk v.Schueler, supra; Wills v. Wills, 72 N.J. Eq. 782; affirmed,73 N.J. Eq. 733; McCloskey v. Thorp, 74 N.J. Eq. 413; Hyde v.Hyde, supra; Brohm v. Berner, 95 N.J. Law 85. To the foregoing decisions in the appellate court may be added the following cases in this court: Dutch Church v. Smock, 1 N.J. Eq. 148; Rodenfels v. Schumann, supra; Benz v. Fabian,54 N.J. Eq. 615; Bunnell v. Beam, 86 N.J. Eq. 101; Huston v.Boyd, 84 N.J. Eq. 108; Henderson v. McGowan, 91 N.J. Eq. 359.
If, however, the additional power of disposal given to A is not of absolute disposal or is limited or restricted as to its exercise, the devise is not construed to pass a fee. Wright v.Wright, 41 N.J. Eq. 382; Hensler v. Senfert, 52 N.J. Eq. 754;
and see, also, Wills v. Wills, supra, and cases there cited.
The gift of the additional unlimited power of absolute disposal need not be in express language — it may be construed by implication. There are many adjudicated cases dealing with the question as to what words or expressions are to be deemed to imply a gift of unlimited power of absolute disposal. These will be found collected in Weaver v. Patterson, 92 N.J. Eq. 170,
and need not here be repeated.
The language in the case at bar would seem to fall within the class of cases to which the rule in Downey v. Borden, Tuerk
v. Schueler, and the other cases cited, supra, applies. Simplifying the language of this will, without affecting its meaning as to the point under discussion, makes this even clearer — *Page 596 
"I devise and bequeath my real and personal property to my wife, the above devise and bequest to be at her own disposal while she lives, and at her death, whatever shall remain undisposed of, I give to my brothers and sisters equally."
If we accord to the words and phrases used by the testator their natural meaning and effect, it seems clear that we have here practically a typical instance of the gift in general terms only, expressing neither fee-simple nor life estate, followed by an unlimited power of absolute disposal, and a gift over of such part as may not be disposed of, and that under the rule ofDowney v. Borden, the wife, Sarah, took an absolute ownership in the lands and personal property referred to. Such will be the determination.
It is argued by the adverse interests that the proper interpretation of the disputed paragraph is as if it were paraphrased thus:
"I devise and bequeath my real and personal property to my wife, while she lives, the above devise and bequest to be at her own disposal, and at her death whatever shall remain," c.
The answer to that argument is, that that is not the way the testator phrased it, and that while it is possible that that is what he meant it is by no means clear, and that as between the two meanings, the one already accorded to it is the more natural under the language and phrasing actually used.
Moreover, even if we should go so far as to say that both of the two interpretations are equally natural and equally possible (which is not the fact), it does not avail the defendants, for the rule of Downey v. Borden applies not merely to those cases where the gift to the first beneficiary is general and indeterminate because the language used simply expresses a gift and stops without defining the nature or extent of the interest intended to be passed. It extends to all cases where the language, whatever it may be, leaves uncertain and indeterminate the nature or extent of the interest intended to be passed — to all cases where it does not appear at least probable that the testator, by his language, intended to pass only a life estate.Dutch Church v. Smock, supra; Downey v. Borden, supra; Benz
v. Fabian, supra; Tuerk v. Schueler, supra; *Page 597 McCloskey v. Thorpe, supra; Huston v. Boyd, supra; Hyde v.Hyde, supra, and Boohm v. Berner, supra, are all cases where the rule was applied and where the finding that the first gift was indeterminate rested not upon a mere bald expression of a gift without words to indicate its nature, but upon the uncertainty of the interpretation of the doubtful language used.
Another argument advanced by defendants is that the power of disposal given is not an unlimited or unrestricted power — that the words "to be at her own disposal while she lives" expressly limit her power of disposal by excluding disposal by will, since a will could not operate while she lived.
Assuming that the power of testamentary disposition is not included in the language as used, nevertheless, the power of absolute disposal during life is in itself such an unlimited and unrestricted power of absolute disposal as to come within the rule. This has been decided in a number of cases. In DutchChurch v. Smock, supra, where the gift was to testator's wife, $600, "to be at her disposal during life;" in Benz v. Fabian,supra, where the power was to the wife "to use, occupy or dispose of" the property "during her life" (the last three words not being expressed in the will, but clearly and necessarily implied by the subsequent clause providing for the gift over if the wife "should continue in the use, occupation and ownership of the property until her death"), and again in Hyde v. Hyde,supra, where the power given to the wife was to have "the actual custody, control and disposal during her life."
This case last cited, indeed, is so nearly on all fours with the case at bar as in itself to be dispositive of the case at bar.
The gift to the wife in the third paragraph of the will is to be construed in the same way as the gift in the second paragraph. The language is slightly, but not materially, different, and the clause "to be subject to the provision made by me," c., clearly refers to the provisions of the preceding paragraph and indicate the intent that the nature, extent *Page 598 
and limitations of the gifts are to be the same in the third paragraph as in the second.
The conclusion is that the gifts to Sarah Ford were absolute, and the contingent gifts over were invalid.
Sarah Ford married again, and became Sarah Adair, and has now recently died. By her will she directs the sale of her residence and gives the proceeds "to the children of William Ford and to the children of Thomas Ford [brothers of George Y. Ford, deceased], to be equally divided between them."
At the death of Sarah Adair only one child of William Ford survived — Sarah E. Carman — and only one child of Thomas Ford — Thomas D. Ford. These two, and these two only, are entitled to the proceeds of sale, in equal shares. The general rule is that where there is a testamentary gift to a class, and no other time for the ascertainment of the class is provided in the will, those persons take, and those only, who answer the description at the date of testator's death. Hawk. Wills (3d ed.) 86; 2 Schoul.Wills, Exrs. Admrs. (6th ed.) § 1016; Schmidt v. Schmidt,80 N.J. Eq. 364.