The bill in this suit was filed to obtain a construction of the will of Philipinna Mohr. The pertinent clauses in the will read as follows:
"Second: I give, devise and bequeath unto my daughter, Elizabeth Eckermann, all my property, both real and personal of whatsoever the same may consist, and wheresoever same may be located.
Third: Upon the death of my said daughter, Elizabeth Eckermann, I give, devise and bequeath all my property, both real and personal to my grandson, William Peter Eckermann, of No. 167 Bergenline Avenue, Union City, Hudson Co., N.J., to be held in trust, by Henry C. Kusel, Sr.; until my said grandson, William Peter Eckermann attains the age of twenty-one years."
The question before the court is whether complainant, Elizabeth Eckermann, took a fee under the second clause or whether she merely took a life estate. If she took a fee, of course the third clause is void.
Under the rule of construction laid down in section 36 of the Wills act, had there been no third clause, unquestionably the fee would have been devised to complainant, even though the second clause contains no expressed provision that the interest devised thereby was to be a fee. But the third clause clearly brings it within the exception in section 36, since there is a further devise upon the death of the first devisee.
As far as the language of the will is concerned, construing the two clauses together, the second clause conveys only a life estate, since the devise is in mere general terms without words expressing either a fee or life estate. Gaston v. Ford,99 N.J. Eq. 592.
Complainant seeks to avoid this construction by offering parol evidence to show that the testatrix intended to provide by the third paragraph that the grandson should take only in case the daughter predeceased testatrix. Instead of the language used in the will "upon the death of my said daughter," *Page 114 
words substantially thus, "if my said daughter shall predecease me," would be read.
Such testimony is clearly unavailing. The rule is set forth inGriscom v. Evens, 40 N.J. Law 402; affirmed, 42 N.J. Law 579.
Here the court says:
"By the statute a writing is made indispensable to the existence of a will, and what has been written cannot be added to, detracted from or altered by extrinsic evidence. The functions of the court are to ascertain the intention of the testator from the language of the will. Extrinsic evidence may be resorted to, which, in its nature and effect, is simply explanatory of what the testator has written, but no evidence can be received for the purpose of showing what he intended to have written. Wigm. Wills § 9. In every case of a controverted construction the sole question is non quod voluit sed quoddixit. Extrinsic evidence of the circumstances, situation and surroundings of the testator, and of his property, is legitimate to place the court which expounds the will, in the situation of the testator who made it, and thus enable the court to understand the meaning and application of the language he has adopted; but the testator's intention must, ultimately, be determined from the language of the instrument, as explained by such extrinsic evidence, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention inconsistent with the writing itself."
The language of the two clauses taken together clearly conveys a life estate to complainant and the remainder to the defendant grandson, under the interpretation placed upon such language by the courts. This cannot be contradicted by evidence that testatrix did not intend to say what in fact she did say in the will.
Complainant took a life estate only, and a decree will be advised accordingly. *Page 115