The bill seeks the construction of the will of S. Emma Ross, deceased. The complainant is the daughter of the testatrix and was named as residuary legatee in the fifth paragraph of the will. The question involved is whether she takes a fee or only a life estate in the residue. The only portions of the will which need be here recited are the following paragraphs: *Page 2 
 "First. All the rest, residue and remainder of my estate both real and personal, whatsoever and wheresoever, I give, bequeath and devise unto my daughter, Helen Frances Ross Briggs.
"Sixth. What remains at my daughter's decease, I desire the income to be divided equally among my three nieces, Emma M. Faulkner, Ethel Mensch Collins and Elizabeth Hill Mensch, or the survivor of these three during the term of their natural lives, and upon the death of the survivor of my said three nieces as above stated, then it is my will that my said residuary estate or what remains thereof shall be divided equally between St. Paul's M.E. Church at Ocean Grove, New Jersey, and the Methodist Church in Magnolia, Delaware, the church of my childhood.
"Lastly, I hereby nominate, constitute and appoint my daughter. Helen Frances Ross Briggs, Executor of this my last Will and Testament, and I invest her with full power to sell and dispose of any and all real estate owned by me, and it is my will that she shall not be required to give bonds in such capacity."
Since issue was joined in this cause the complainant died testate and her executor has been substituted as complainant. The defendants are those named in paragraph "sixth" of the will. The defendant St. Paul's M.E. Church of Ocean Grove, New Jersey, did not answer and decree pro confesso has been entered against it.
While the cardinal rule of construction of wills is that the intention of the testator must prevail (Wills v. Wills,73 N.J. Eq. 733; Pierson v. Jones, 108 N.J. Eq. 453; Genung v.Best, 100 N.J. Eq. 250; Child v. Orton, 119 N.J. Eq. 438), that rule is subject to the qualification that the testator's intention cannot be given effect if it runs counter to an established rule of law. White v. Graves, 104 Atl. Rep. 205;In re Fisher's Estate, 7 N.J. Mis. R. 1075; Hewitt v. Green,77 N.J. Eq. 345.
There can hardly be any doubt but that the testatrix in the instant case, intended to make a gift over of what remained of the residue upon the death of her daughter. The real question is whether or not that intention may be given effect and whether it runs counter to established rules of law of this estate.
It is an old legal principle that a fee cannot be limited after fee (Tooker v. Tooker, 71 N.J. Eq. 513), and "it is a fixed rule of construction in this state, as to testamentary *Page 3 
gifts either absolute in form or in form indeterminate as to quantity of the estate given, that if testator, either expressly or by implication, manifests an intent to vest in the first devisee, or legatee, the uncontrolled power of disposition of the property, such power embraces the quality of absolute ownership, and subsequent limitation over is void as inconsistent with the right of the first devisee or legatee. The manifestation of that intent may appear in the gift over as well as elsewhere."Kleaver v. Jacobs, 104 N.J. Eq. 406. There is a long line of cases to the same effect, among which may be cited Annin'sExecutors v. Vandoren's Administrator, 14 N.J. Eq. 135; Downey
v. Borden, 36 N.J. Law 460; McClellan v. Larchar, 45 N.J. Eq. 17; Wilson v. Wilson, 46 N.J. Eq. 321; Bryan v. Bryan,61 N.J. Eq. 45; Tuerk v. Schueler, 71 N.J. Law 331; McCloskey v.Thorpe, 74 N.J. Eq. 413; Hyde v. Hyde, 88 N.J. Eq. 358;Weaver v. Patterson, 92 N.J. Eq. 170; Brohm v. Berner,95 N.J. Law 85; Gaston v. Ford, 99 N.J. Eq. 592; Fithian v.Fithian, 109 N.J. Eq. 383; Morrison v. Dawson, 115 N.J. Eq. 45.
The cases rest upon the principle that the uncontrolled power of disposition in the first taker necessarily implies absolute ownership and that the limitation over is void as totally inconsistent with the rights of the first legatee. McCloskey v.Thorpe, supra.
In the will now under consideration there is no express power of disposition given to the complainant unless it be contained in the words "and I invest her with full power to sell and dispose of any and all real estate owned by me" contained in the paragraph designated "lastly" above recited. In view of the conclusion which I have reached the extent of the power of disposition thus conferred need not be now determined. It is mentioned only because counsel for the complainant, in his brief, stresses this language; but it should be noted that the power relates only to real estate. I have reached the conclusion that the words "what remains at my daughter's decease" import a power of disposition in the first beneficiary, the complainant, but only after a thorough consideration of the cases and the many decisions of *Page 4 
our courts touching the point involved including those cited above and including, also, Naundorf v. Schumann, 41 N.J. Eq. 14,
and Rodenfels v. Schumann, 45 N.J. Eq. 383, in both of which cases the same will was considered and in which apparently opposite conclusions were reached. In view of the many subsequent decisions of our courts, both of law and equity, touching like controversies, and the variant comment of judges anent the apparently opposing views of the two eminent chancellors who decided the Schumann Cases, it would be idle to now speculate upon the reasons or the reasoning upon which those contrary decisions were based. The law is now firmly established.
A comparison of the words "what remains at my daughter's decease," as contained in the instant will, with the language involved in other wills considered in the cited cases, and in which the first legatee or devisee has been held to have an absolute estate, confirms me in my conclusion that the complainant has an absolute fee here. For the purpose of such comparison, the language involved in the cited cases is quoted and tabulated as follows:
"Such part thereof as remains unexpended" — Annin's Executors
v. Vandoren's Administrator.
"What may remain at the time of her death" — Downey v.Borden.
"So much of it as remains the property of my wife on her death" — McClellan v. Larchar.
"Whatever it may be at the decease of my said daughter" —Wilson v. Wilson.
"What is left at her death" — Tuerck v. Schueler.
"If there should be anything left" — McCloskey v. Thorpe.
"So much thereof as shall remain at her death" — Hyde v.Hyde.
"So much as shall remain" — Weaver v. Patterson.
"The balance" — Brohm v. Berner.
"Whatever shall remain in her hands undisposed of" — Gaston
v. Ford.
"If any of my estate shall remain unexpended" — Kleaver v.Jacobs. *Page 5 
"Out of the balance of said property remaining at the death of my said wife" — Morrison v. Dawson.
"What shall remain" — Rodenfels v. Schumann.
It will be noted that the exact language here involved was not the subject of discussion in any of the foregoing cases. But inTooker v. Tooker, supra, the exact words, "what remains," were involved; and, except for that decision, I should have had little difficulty in disposing of the issue here. There Vice-Chancellor Pitney held that the use of the words "what remains" in the will before him did not necessarily imply a power of disposition in the first taker, and he held that the first legatee or devisee took only a life estate; but I think that his conclusion was really based upon his finding that the testator's own construction of his will had precluded any such implication. At page 516 of the report the vice-chancellor said, "I might rest the conclusion at which I have arrived on that explanatory member of the sentence alone." That, and his preceding comment, indicate clearly, I think, that his following comment touching the proper interpretation of the words "what remains" was, as said by Vice-Chancellor Buchanan in Weaver v. Patterson, supra, "unnecessary" to the decision and may be considered as butobiter. The decision, however, loses much of its force in view of the comment of Chief-Justice Gummere, speaking for the court of errors and appeals in Brohm v. Berner, supra. The court there said:
"In the case of Tooker v. Tooker, 71 N.J. Eq. 513, * * * the court was able to find from a consideration of the whole will, an indication that words somewhat similar to those which we have been discussing either did not indicate an intention to confer upon the beneficiary the power to dispose of the corpus
of the gift or conferred only the power to dispose of so much thereof as might be necessary for his or her support and maintenance."
In Weaver v. Patterson, supra, referring to this comment, Vice-Chancellor Buchanan said:
"I am unable to escape the conclusion from what is there said and from the effect of the opinion as a whole, that the *Page 6 
general proposition laid down in the Tooker Case is impliedly disapproved." I am of the same opinion.
In Brohm v. Berner, supra, the words under consideration were "the balance." Chief-Justice Gummere said that the word "balance" was equivalent to "what remains or is left over." The converse is also true. "What remains" is equivalent to "balance." If the words "the balance" imply an absolute power of disposition, and our court of last resort has so held, it follows that the words "what remains" have the same import. The complainant, therefore, took an estate in fee in the residue under the "fifth" paragraph of the Ross will and the gift over is void. I will advise a decree accordingly.