By her last will and testament Josephine B. Byers, late of Essex County, mother of the complainant, in paragraph 12 of said will, provided as follows:
"I give and bequeath to my Trustee to be appointed in the manner hereinafter provided, the sum of Sixty-five thousand dollars, in trust, to invest and reinvest the same and collect the income therefrom and pay said income to my said daughter, Anna Byers, during her life, which income shall begin with the date of my decease; and upon her decease said trust shall cease and determine and the principal thereof and any unexpended income therefrom shall be disposed of in accordance with the terms and provisions of the last will and testament of my daughter, provided she dies testate, and if she shall die intestate, then the principal of said trust and any unexpended income therefrom shall be paid in equal shares to the issue, if any, of my said daughter, per stirpes and not per capita, the issue of a deceased child taking the parent's share; provided, however, that if my said daughter shall die intestate and without leaving issue her surviving, then said trust shall cease and determine and said principal and any unexpended income shall be and become a part of my residuary estate and be disposed of in the manner provided for the disposition of said residuary estate.
"I authorize and empower my said daughter to nominate, constitute and appoint as the trustee of said trust, such trust company or like financial institution as she may designate by writing under her hand and seal and acknowledged in the manner required for the acknowledgment of deeds in the state of her domicile at the time of my decease."
And in paragraph 14 of said will, as follows:
"All the rest, residue and remainder of my property estate and effects, both real and personal, to which I may be entitled or which I *Page 418 
may have power to dispose of at my decease, I give, devise and bequeath, in equal shares, as follows, that is to say: One of said equal shares to my said daughter, Anna Byers, another of said equal shares to the Ellin Prince Speyer Hospital of New York City and another of said equal shares to the Orange Orphan Society, of East Orange, New Jersey."
By this bill the complainant seeks to accelerate and terminate the trust created by the twelfth paragraph of the will above quoted, on the ground, shortly stated, that under said clause she takes a life estate in the corpus of the trust fund with a general power of appointment, and that she, therefore, has the fee in said corpus and is entitled to immediate termination of the trust, and to receive the corpus of the estate. In support of this contention she relies upon Brown v. Fidelity UnionTrust Co., 126 N.J. Eq. 406. She also alleges that she has duly executed her last will and testament and that, therefore, there is no other person or corporation that can have or acquire any interest in said trust fund other than those persons or corporations named in her will; and that the Ellin Prince Speyer Hospital of New York City and the Orange Orphan Society of East Orange, New Jersey, residuary beneficiaries under the will of Josephine B. Byers, have released and assigned their contingent interest in said trust fund to complainant.
Brown v. Fidelity Union Trust Co., supra, is not in point and is clearly distinguishable from the instant case. There the issues involved questions of notice, privity, representation and estoppel. It was held that the appointees of a life beneficiary, who also had a general power of appointment, were in privity with her; that notice to her was notice to her appointees, and that such appointees were estopped to complain of her acts. It was stated, arguendo, that the life beneficiary had a general power of appointment over a substantial part of the fund from which she received the income, and that that "according to respectable authorities, was `tantamount to a fee.'" But in addition to these circumstances, it appeared that the donor of the power of appointment had died intestate as to that portion of the corpus
over which the life beneficiary had a power of appointment, that the donee *Page 419 
of the power was the sole heir-at-law of the donor, and, had she not exercised the power, would have succeeded to the corpus by operation of law, and that there was no gift over. The mere absence of a gift over sufficiently distinguishes that case from this and renders it entirely inapplicable.
The present controversy is controlled by Kent v. Armstrong,6 N.J. Eq. 637; Cantine v. Brown, 46 N.J. Law 599; Benz v.Fabian, 54 N.J. Eq. 615; Kellers v. Kellers, 79 N.J. Eq. 412;affirmed, 80 N.J. Eq. 441. The rule to be deduced from those cases is that where there is a devise in fee, or of a life estate with a power of disposition by will, and a limitation over in the event of the death of the devisee without issue and without disposing of the property by will, the devise must be construed to confer a life estate only, coupled with the power oftestamentary disposition. These decisions effectively dispose of the complainant's argument that her life estate coupled with a general power of appointment is "tantamount to a fee."
The complainant is not entitled to termination or acceleration of the trust here involved.
With respect to the assignment by the Ellin Prince Speyer Hospital and the Orange Orphan Society of East Orange it may be said, in passing, that it appeared at the final hearing that these assignments were contingent only and not presently effective.
The fact that the complainant has already executed what purports to be her last will and testament is of no consequence, as a presently executed will does not become effective until the death of the maker. Fidelity Union Trust Co. v. Hall, 125 N.J. Eq. 420.
See, also, Swetland v. Swetland, 100 N.J. Eq. 196,206; Goetter v. Berth, 99 N.J. Eq. 625; Voorhees v. Otterson,66 N.J. Eq. 172; McCoury's Executors v. Leek, 14 N.J. Eq. 70.
In fact, there is much more ancient authority for this proposition than the cases cited. In St. Paul's Epistles to the Hebrews, chapter 9, verses 16 and 17, he said: "For where a testament is, there must also of necessity be the death of the testator; for a testament is of force after men are dead; otherwise it is of no strength at all while the testator liveth." *Page 420 
It is also alleged in complainant's bill that she is incapable of having issue and proof of that allegation was offered, but excluded. There is no period in the life of a woman when it is presumed that she may not possibly bear children. Riley v.Riley, 92 N.J. Eq. 465; Oleson v. Somogyi, 93 N.J. Eq. 506; Inre Smith, 94 N.J. Eq. 1; Schumacher v. Howard SavingsInstitution, 126 N.J. Eq. 325.
 I will advise a decree dismissing the bill of complaint. *Page 421