The object of this cause is to elicit a judicial construction of the will of one Isaac E. Dunn, deceased, and a declaration of the rights of those who claim under its terms beneficial interests in the testator's estate.
There are two articles of the testator's will which comprise the subject-matter to which the present inquiry is particularly addressed. I exhibit each in its literal form:
"First, after my lawful debts are paid, I give to my wife Louisa, one half of all that I shall die seized and possessed as long as she shall remain unmarried, and my widow, but on her decease or marriage, the remainder of her half, I give and bequeath to my daughter, Laura E. Dunn.
"Second, I give and bequeath to my daughter Laura E. Dunn, and her heirs, the remaining half, of all that I shall die possessed — but, if she should die, without heirs, before my wife, the remainder of her half — to go to my Wife, Louisa, if she be — unmarried, and my widow, but if she be married or deceased, it to be equally divided between my sisters."
The testator died on May 30th, 1913. His widow Louisa Dunn did not remarry and died on September 13th, 1920. His daughter Laura died childless and unmarried on December 10th, 1946, leaving a will in which she expressly authorized the complainant as executor to sell, convey and dispose of all of her real and personal property and directed him to divide the proceeds in specified shares among the several designated legatees of her will.
The testator Isaac Dunn died seized of a residential property in the City of New Brunswick which has since his death remained unsold. The present proceedings are occasioned by a diversity of opinions concerning the interest and estate acquired by the daughter Laura in that property particularly under the terms of the devise expressed in article "Second" of the Isaac Dunn will.
Manifestly, the devise of the undivided one-half interest to the widow Louisa in the first article of the will was one which pursuant to the express terms of the devise terminated upon her death, and the estate in remainder thereupon passed to the daughter Laura. This would be true under well settled *Page 326 
principles of law despite the implication of a power of disposal sought to be conferred by the testator upon his widow. Trafton
v. Bainbridge, 125 N.J. Eq. 474; 6 Atl. Rep. 2d 209;Anderson v. Anderson, 133 N.J. Eq. 311; 32 Atl. Rep. 2d83.
It is equally obvious that the primary devise to the daughter in the second article of the will is not clearly and expressly limited to a life estate. The devise is to "my daughter Laura E. Dunn and her heirs * * *." To create a valid devise over and at the same time bestow upon the primary devisee an uncontrolled power of disposition, the primary gift may be made for life but only by certain and express words. Downey v. Borden,36 N.J. Law 460; Wooster v. Cooper, 53 N.J. Eq. 682;33 Atl. Rep. 1050.
If a testator fails specifically to define or limit the estate given, but either expressly or by implication manifests an intent to invest in the primary devisee the uncontrolled power of disposition of the property, such power is construed to embrace the quality of absolute ownership, and a subsequent limitation over is void in that a fee cannot be limited after a fee.Kleaver v. Jacobs, 104 N.J. Eq. 406; 146 Atl. Rep. 55;
affirmed, 107 N.J. Eq. 139; 152 Atl. Rep. 919.
While the intention of a testator cannot always be legally effectuated (Briggs v. Faulkner, 120 N.J. Eq. 1;183 Atl. Rep. 712), yet in the interpretation and construction of wills it should never be permitted to escape recognition and cogitation.
Abstaining from a diffusive discussion of the noticeable characteristics of the testator's will and of his propensity to bestow preferentially the benefactions of his testamentary donations upon his widow and unmarried daughter, I am, as a result of such reflections, persuaded that in his contemplations of a future contingent transmission of his daughter's bequest and devise, he used the words "the remainder of her half" to mean "such part thereof as remains unexpended" (Annin's Ex'rs v.Vandoren's Adm'r, 14 N.J. Eq. 135); "what shall remain" (Rodenfels v. Schumann, 45 N.J. Eq. 383; 17 Atl. Rep. 688); "what is left at her death" (Tuerk v. Schueler,71 N.J. Law 331; 60 Atl. Rep. 357); "so much *Page 327 
thereof as shall remain at her death" (Hyde v. Hyde, 88 N.J. Eq. 358; 102 Atl. Rep. 830); "or such as shall remain" (Weaver
v. Patterson, 92 N.J. Eq. 170; 111 Atl. Rep. 506); "if any part of the same shall remain in her hands undisposed of" (Gaston v.Ford, 99 N.J. Eq. 592; 133 Atl. Rep. 531); "what remains at my daughter's death" (Briggs v. Faulkner, supra); "balance" (Brohm v. Berner, 95 N.J. Law 85; 77 Atl. Rep. 517); "residue" (Klotz v. Klotz, 122 N.J. Eq. 31;191 Atl. Rep. 854). Vide, also, Cranford Trust Co. v. Robus, 137 N.J. Eq. 266; 44 Atl. Rep. 2d 367.
And so my construction of the language of the will necessitates the implication that the testator intended to empower his daughter to dispose of during her life her estate in any or all of the property bequeathed or devised to her by the second article of the will. She accordingly acquired under that article of the will an undivided one-half interest and estate in the residential property in New Brunswick in fee simple. Moreover, she did not predecease her mother.
In the absence of any undisclosed infirmity in the title, I conclude that the complainant in his representative capacity can, in pursuance of his testamentary authority under the daughter's will, transfer the title to the parcel of real estate in fee-simple. *Page 328